# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Corbin R. Davis

## FRADCO, INC v DEPARTMENT OF TREASURY
## SMK, LLC v DEPARTMENT OF TREASURY

Docket Nos. 146333 and 146335.  Argued October 9, 2013 (Calendar Nos. 4 and 10).  Decided April 1, 2014.

Fradco, Inc., filed an appeal on July 28, 2010, in the Tax Tribunal, contesting a final assessment issued by the Department of Treasury that disallowed a sales tax deduction following an audit.  Through its resident agent, Fradco had requested that the department send all information regarding tax matters to the certified public accountant (CPA) that Fradco designated.  The department mailed a copy of its January 22, 2009 preliminary decision and order of determination to Fradco's CPA.  It sent the final assessment dated September 17, 2009, only to Fradco's place of business.  Fradco's CPA inquired about the final assessment and was informed in an April 21, 2010 letter that a final assessment had been issued, that no appeal had been taken, and that the matter was now subject to collection.  The letter did not include a copy of the assessment.  After several requests, Fradco and its CPA received a copy of the final assessment on July 20, 2010.  The department sought summary disposition under MCR 2.116(C)(4) in Fradco's appeal, arguing that the tribunal lacked jurisdiction because the appeal had not been filed within 35 days after the final assessment as required by MCL 205.22(1).  The tribunal denied the motion, concluding that MCL 205.8 provides a parallel notice requirement whenever a taxpayer properly filed a request that notices be sent to a representative and that notice to Fradco alone had not been sufficient to start the 35-day period because notice to Fradco's representative was also required.  Accordingly, the tribunal concluded that it had jurisdiction and canceled the final assessment.  The department appealed, asserting that the 35-day appeal period under MCL 205.22(1) began from the issuance date printed on the face of a final assessment, which needed to be sent only to the individual taxpayer. The Court of Appeals, RONAYNE KRAUSE, P.J., and BORRELLO and RIORDAN, JJ., affirmed, reading the relevant sections of the revenue collection act *in pari materia* and holding that MCL 205.8 (requiring notice to the taxpayer's representative) imposed on the department a notice obligation parallel to that in MCL 205.28(1)(a) (which requires notice to the taxpayer) and that both requirements must be satisfied before the appeal period begins to run.  298 Mich App 292 (2012).  The Supreme Court granted the department leave to appeal.  493 Mich 948 (2013).

SMK, LLC, filed an appeal on July 29, 2010, in the Tax Tribunal, contesting a final assessment issued by the Department of Treasury that disallowed a sales tax deduction following an audit.  SMK had hired a CPA and designated him to represent it for purposes of the sales tax audit, giving him limited authorization to inspect or receive confidential information, represent

SMK, and receive mail from the department. The department faxed the CPA a notice on April 23, 2010, stating that the audit package had been submitted. It sent a final assessment dated June 15, 2010, to SMK via certified mail, although SMK claimed that it did not receive the final assessment. The CPA made several inquiries to the department in July 2010, inquiring whether a final assessment had been issued, and received no answers from the department. On July 23, 2010, five days after the appeal period had allegedly run, the department sent SMK's CPA the final assessment and a letter stating that the deadline for appeal had passed. Rather than responding to SMK's appeal in the tribunal, the department moved for summary disposition under MCR 2.116(C)(4), arguing that the tribunal lacked jurisdiction because the appeal had not filed within 35 days after issuance of the final assessment. SMK opposed the motion on the ground that the appeal period had not been triggered because the department failed to give notice to its appointed representatives as required by MCL 205.8. The tribunal denied the motion, reaching the same conclusion regarding a parallel notice requirement as it had in Fradco's appeal. Accordingly, the tribunal canceled SMK's final assessment. The department appealed, asserting the same argument that it asserted in Fradco's appeal. The Court of Appeals, RONAYNE KRAUSE, P.J., and BORRELLO and RIORDAN, JJ., affirmed, reaching the same conclusions that it had in Fradco's appeal. 298 Mich App 302 (2012). The Supreme Court granted the department leave to appeal and ordered that the appeals be heard together. 493 Mich 948 (2013).

In a unanimous opinion by Chief Justice YOUNG, the Supreme Court *held*:

If a taxpayer has appointed a representative, the Department of Treasury must issue notice to both the taxpayer and the taxpayer's official representative before the taxpayer's 35-day appeal period under MCL 205.22(1) begins to run.

1. The General Sales Tax Act, MCL 205.51 *et seq*., directs the department to administer the sales tax in part pursuant to the revenue collection act, MCL 205.1 to 205.31. Under the latter act, when the department conducts an audit and ultimately issues a final assessment stating that a taxpayer owes sales tax, it has two notice obligations. MCL 205.28(1)(a) requires the department to give notice to the taxpayer, and MCL 205.8 requires the department to give notice to the taxpayer's designated representative. MCL 205.8 is mandatory notwithstanding the greater specificity of MCL 205.28(a)(1) with respect to details of service on the taxpayer. MCL 205.8 unambiguously directs the department to furnish a taxpayer's representative copies of notices and letters whenever the taxpayer is entitled to receive those documents.

2. MCL 205.22, which dictates procedures surrounding a taxpayer's appeal, does not refer to either MCL 205.8 or MCL 205.28(1)(a). Rather, MCL 205.22(5) states that the appeal period begins to run upon issuance of the assessment, decision, or order. If the department fails to comply with MCL 205.28(1)(a), which requires notice to the taxpayer, issuance does not occur. Because the two notice statutes are on equal footing, issuance likewise does not occur if the department fails to comply with MCL 205.8, which requires notice to the taxpayer's representative. Both notice requirements must be satisfied before issuance of the assessment is deemed to have occurred and the appeal period begins. Because the department delayed issuing the notices to the taxpayers' representatives in both cases, the running of the appeal periods were also delayed. Fradco's and SMK's appeals were therefore timely, and the tribunal retained jurisdiction.

3. The appeal period begins when the department complies with MCL 205.28(1)(a) by giving the taxpayer notice of the final assessment through personal service or certified mail and MCL 205.8 by sending a copy of the notice of the final assessment to the representative's address provided by the taxpayer in its written request. Because MCL 205.28(1)(a) and MCL 205.8 do not require the department to show that the taxpayer or its representative actually received the notice, the Supreme Court vacated portions of the Court of Appeals' opinions to the extent that they could be read to mean that the appeal period begins when a taxpayer's representative receives notice.

Court of Appeals' judgments affirmed in part and vacated in part.

©2014 State of Michigan

# Opinion

Chief Justice:          Justices:

Robert P. Young, Jr.   Michael F. Cavanagh
                       Stephen J. Markman
                       Mary Beth Kelly
                       Brian K. Zahra
                       Bridget M. McCormack

FILED APRIL 1, 2014

STATE OF MICHIGAN

SUPREME COURT

FRADCO, INC.,

        Petitioner-Appellee,

v                                     No. 146333

DEPARTMENT OF TREASURY,

        Respondent-Appellant.

SMK, LLC,

        Petitioner-Appellee,

v                                     No. 146335

DEPARTMENT OF TREASURY,

        Respondent-Appellant.

BEFORE THE ENTIRE BENCH

YOUNG, C.J.

Michigan's revenue collection act[1] provides that, when the Michigan Department of Treasury (the department) issues a final assessment of tax deficiency, a taxpayer has 35 days to appeal that adverse tax decision to the department or 90 days to appeal to the Court of Claims.[2] The act also requires that the department provide a copy of a notice of the final assessment to the taxpayer's duly appointed representative, if one was appointed.[3] These companion cases pose the same question: Does the time within which a taxpayer must appeal a final assessment of tax deficiency begin to run when the department issues the final assessment to the taxpayer as required, but fails to give the mandatory statutory notice to a taxpayer's official representative?

We hold that, if a taxpayer has appointed a representative, the department must issue notice to both the taxpayer and the taxpayer's official representative to trigger the running of the appeal period. Thus, the taxpayer's 35-day appeal period does not begin to run until the department issues notice to the representative, in addition to the taxpayer. Accordingly, we affirm in part and vacate in part the decisions of the Court of Appeals panels in each of these companion cases.

## I. FACTS AND PROCEDURAL HISTORY

Appellees are Michigan corporations that operate convenience stores in Michigan. Petitioner Fradco, Inc. (Fradco) is located in Ada, and petitioner SMK, LLC (SMK) is

---

[1] MCL 205.1 *et seq.*

[2] MCL 205.22(1).

[3] MCL 205.8.

2

located in Midland.  The parties are unrelated to each other, but the legal issues presented in each appeal are identical.

## A.  FRADCO, INC.

In October 2004, Fradco retained the services of a certified public accountant (CPA) to handle its accounting and tax matters.  On October 19, 2004, Fradco's resident agent executed a power of attorney authorization and provided copies thereof to respondent department, directing the department to provide the CPA "[a]ll [department] billings and payment notices" and allowing the CPA to "receive information and represent me (Fradco) in all [department] tax matters."  The power of attorney remained in effect at all times relevant to this case.

In May 2008, the department completed a sales tax audit of Fradco and disallowed a food deduction.  Fradco's CPA appealed the audit determination at an informal conference,[4] and provided the power of attorney authorization to the hearing referee.  The department issued a preliminary decision and order of determination dated January 22, 2009, a copy of which was mailed to Fradco's CPA.  The final assessment was dated September 17, 2009 and sent only to Fradco's place of business via certified mail.

On April 19, 2010, Fradco's representative inquired about the final assessment.  The representative was informed by letter dated April 21, 2010, that "a Final Assessment was issued September 17, 2009" and that "[n]o appeal was made with respect to this Final Assessment as provided by statute and the matter is now shown as subject to collection."  This letter did not provide a copy of the assessment.  After several requests,

---

[4] See MCL 205.21(2)(b) through (d).

Fradco and its CPA received a copy of the final assessment on July 20, 2010, ten months after the date printed on the face of the assessment. Fradco claims that this was the first and only copy received, by it or its representative.

Fradco filed its appeal with the Tax Tribunal on July 28, 2010—eight days after its representative received the final assessment. The department moved for summary disposition under MCR 2.116(C)(4), arguing that the Tax Tribunal lacked jurisdiction because the appeal was not filed within 35 days after issuance of the final assessment.

## B. SMK, LLC

In April 2010, the department completed an audit of SMK and disallowed a food deduction. SMK hired Edward Kisscorni, a CPA. Through a power of attorney authorization form executed on March 26, 2010, and provided to the department shortly thereafter, SMK designated Kisscorni to represent it for the purposes of the sales tax audit and gave him limited authorization to "[i]nspect or receive confidential information," "[r]epresent [SMK] and make oral or written presentation of fact or argument," and "[r]eceive mail from Treasury . . . (includ[ing] forms, billings, and notices)." On April 23, 2010, the department faxed Kisscorni a notice stating that the "audit package was submitted." A final assessment dated June 15, 2010 was sent to SMK via certified mail. However, SMK claims that it did not receive the final assessment.

According to SMK's petition, Kisscorni made several phone calls to the department in July, inquiring whether a final assessment had been issued. He received no answers from the department. Thereafter, on July 23, 2010 (five days after the appeal

4

period had allegedly run), the department sent SMK's representative the final assessment and a letter stating that the deadline for appeal had passed.

On July 29, 2010, SMK filed an appeal of the final assessment. As occurred in Fradco's case, rather than responding to the petition before the Tax Tribunal, the department filed a motion for summary disposition under MCR 2.116(C)(4), arguing that the Tax Tribunal lacked jurisdiction because the appeal was not filed within 35 days after issuance of the final assessment. Both Fradco and SMK opposed the respective motions on the ground that the appeal period had not been triggered because the department failed to give the statutory notice to their appointed representatives as required by MCL 205.8.

## C. TAX TRIBUNAL AND COURT OF APPEALS DECISIONS

The Tax Tribunal denied the department's motion for summary disposition in both cases, holding that MCL 205.8 provides a parallel notice requirement when a taxpayer properly files a written request that notices be sent to a representative.[5] Therefore, the Tax Tribunal reasoned, notice to the taxpayer alone was not sufficient to initiate the 35-day appeal period because notice to the taxpayer's representative was also required. Inasmuch as the final assessment was not issued to both the taxpayer and its representative, the Tax Tribunal retained jurisdiction over the petitioners' appeals. The Tax Tribunal then decided petitioners' appeals on the merits and in each case canceled the tax assessments.[6]

---

[5] *Fradco Inc v Dep't of Treasury*, MTT Docket No. 409506 (Mich Tax Jan 20, 2011); *SMK LLC v Dep't of Treasury*, MTT Docket No. 409504 (Mich Tax Jan 20, 2011).

[6] *Fradco Inc v Dep't of Treasury*, MTT Docket No. 409506 (Mich Tax Sept 26, 2011); *SMK LLC v Dep't of Treasury*, MTT Docket No. 409504 (Mich Tax Sept 26, 2011).

5

The department appealed by right to the Court of Appeals, asserting that the 35-day appeal period under MCL 205.22(1) began from the "issuance date" printed on the face of a final assessment, which needed only to be sent to the individual taxpayer. The Court of Appeals affirmed the Tax Tribunal in separate opinions dated October 30, 2012.[7] In both cases, the Court held that, reading the relevant sections of the revenue collection act *in pari materia*, MCL 205.8 (notice to the taxpayer representative) imposed on the department a notice obligation parallel to MCL 205.28(1)(a) (notice to the taxpayer), both of which must be satisfied before the appeal period may begin to run.[8]

## II. STANDARD OF REVIEW

Our review of the Tax Tribunal's decisions is limited. In the absence of fraud, we review a Tax Tribunal decision for a misapplication of the law or the adoption of a wrong principle.[9] We consider the Tax Tribunal's factual findings conclusive if they are "supported by competent, material and substantial evidence on the whole record."[10]

Statutory interpretation is a question of law, which we review de novo.[11] When interpreting a statute, courts must "ascertain the legislative intent that may reasonably be

[7] *SMK, LLC v Dep't of Treasury*, 298 Mich App 302; 826 NW2d 186 (2012); *Fradco, Inc v Dep't of Treasury*, 298 Mich App 292; 826 NW 2d 181 (2012).

[8] *SMK*, 298 Mich App at 308-310; *Fradco*, 298 Mich App at 299-301.

[9] *Mich Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 476; 518 NW2d 808 (1994), citing Const 1963, art 6, § 28.

[10] Const 1963, art 6, § 28; *Klooster v City of Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011).

[11] *In re Investigation of March 1999 Riots in East Lansing*, 463 Mich 378, 383; 617 NW2d 310 (2000).

inferred from the words expressed in the statute."[12] This requires courts to consider "the plain meaning of the critical word or phrase as well as 'its placement and purpose in the statutory scheme.' "[13]

## III. ANALYSIS

These cases involve appeals of sales tax deficiency assessments, which are administered pursuant to the General Sales Tax Act (GSTA).[14] The GSTA directs the department to in part administer the sales tax pursuant to the revenue collection act.[15] Under this act, when the department conducts an audit and ultimately issues a final assessment stating that a taxpayer owes sales tax, it potentially has two notice obligations: it must provide notice to the taxpayer and, if the taxpayer has appointed a representative, the department must provide the representative with copies of "letters and notices regarding a dispute" between the taxpayer and the department. MCL 205.8.

MCL 205.28 establishes the department's notice obligations to the taxpayer:

> (1) The following conditions apply to all taxes administered under this act unless otherwise provided for in the specific tax statute:

---

[12] *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002).

[13] *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999), quoting *Bailey v United States*, 516 US 137, 145; 116 S Ct 501; 133 L Ed 2d 472 (1995).

[14] MCL 205.51 *et seq*.

[15] In administering taxes generally, the department must adhere to MCL 205.21 to 205.30, "[u]nless otherwise provided by specific authority in a taxing statute." MCL 205.20. The GSTA is a taxing statute, and it dictates that the department follow the revenue collection act, MCL 205.1 to 205.31, in administering the sales tax. MCL 205.59(1).

7

(a) Notice, if required, *shall be given* either by personal service or by certified mail addressed to the last known address of the taxpayer. Service upon the department may be made in the same manner.[16]

MCL 205.8 establishes the department's notice obligations to the taxpayer's designated representative:

If a taxpayer files with the department a written request that copies of letters and notices regarding a dispute with that taxpayer be sent to the taxpayer's official representative, the department *shall send* the official representative, at the address designated by the taxpayer in the written request, a copy of each letter or notice sent to that taxpayer. A taxpayer shall not designate more than 1 official representative under this section for a single dispute.[17]

The department argues that MCL 205.8 is a nonbinding obligation—a mere "courtesy" provision, of which the taxpayer is simply the beneficiary. Alternatively, the department argues that MCL 205.8 operates to protect department employees from liability that would otherwise befall them if they disclosed a taxpayer's information to the taxpayer's representative without permission.[18]

It is not clear how either of these arguments obviates the department's obligation to provide the notice the statute requires, and the statutory text belies these claims. The Legislature's use of the word "shall" in both MCL 205.8 and MCL 205.28(1)(a) indicates a mandatory and imperative directive.[19] The two notice provisions are, by their terms, both compulsory, as each states that the department "shall" provide the required notice.

---

[16] MCL 205.28(1)(a) (emphasis added).

[17] MCL 205.8 (emphasis added).

[18] See MCL 205.28(1)(f).

[19] *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 612; 321 NW2d 668 (1982).

8

Further, the GSTA states that the department "shall" administer the sales tax—including its assessment of sales tax deficiencies—pursuant to the revenue collection act, which encompasses both notice statutes.[20]

We conclude that MCL 205.8 is mandatory notwithstanding the greater specificity of MCL 205.28(a)(1), which requires personal service or notice by certified mail, because that specificity has no bearing on the elements of the statute that impose a mandatory obligation to provide notice to a designated taxpayer representative. Similarly, it is irrelevant that MCL 205.8 requires that "copies" of notices and letters be provided to a taxpayer's representative. Applying the plain meaning of "shall," there can be no doubt that MCL 205.8 unambiguously directs the department to furnish a taxpayer's representative with these documents whenever the taxpayer is entitled to receive the same.

Reading the notice statutes *in pari materia* with MCL 205.22 confirms the notice statutes' parity. Statutes that relate to the same subject matter or share a common purpose must be read together as constituting one law, even if they contain no reference to one another and were enacted on different dates.[21] Conflicting provisions of such statutes must be read together to produce a harmonious whole and to reconcile any

---

[20] MCL 205.59(1).

[21] *Jennings v Southwood*, 446 Mich 125, 136; 521 NW2d 230 (1994); *Crawford Co v Secretary of State*, 160 Mich App 88, 95; 408 NW2d 112 (1987).

9

inconsistencies wherever possible.[22] The purpose of this interpretive rule is to give effect to the legislative purpose as found in statutes on a particular subject.[23]

MCL 205.22, which dictates procedures surrounding a taxpayer's appeal, does not refer to either MCL 205.8 or MCL 205.28(1)(a). MCL 205.22 merely states that the appeal period begins to run upon "issuance of the assessment, decision, or order."[24] Just as MCL 205.22 does not refer to either notice requirement, neither of the notice-requirement statutes refers to MCL 205.22. Accordingly, there is no statutory indication suggesting that we hold MCL 205.8's taxpayer representative notice requirement in lower esteem than the MCL 205.28(1)(a) taxpayer notice requirement. When notice is required, the department must notify the taxpayer and any representative duly appointed by the taxpayer.

Having determined that the Legislature intended MCL 205.8 to apply to the department coextensively with MCL 205.28(1)(a), we turn to the relationship between notice and issuance of the assessment. By statute, the appeal period cannot begin to run until "issuance of the assessment" occurs.[25] The department concedes that if it fails to

---

[22] *World Book, Inc v Dep't of Treasury*, 459 Mich 403, 416; 590 NW2d 293 (1999).

[23] *Jennings*, 446 Mich at 137.

[24] MCL 205.22(5). Specifically, MCL 205.22(5) states that "[a]n assessment is final, conclusive, and not subject to further challenge after 90 days after the issuance of the assessment, decision, or order . . . ." This reflects the outer bound of an appeal's timeliness, as MCL 205.22(1) permits an appeal to the Tax Tribunal within 35 days after the assessment or to the Court of Claims within 90 days after the assessment. In reading MCL 205.22 as a whole, it is apparent that both appeal periods begin to run upon "issuance" of the assessment.

[25] MCL 205.22(5).

10

comply with MCL 205.28(1)(a), issuance does not occur.[26] Because the two notice statutes stand on equal footing, the department's concession compels the same consequence for its failure to comply with MCL 205.8, namely, that issuance does not occur.

Furthermore, MCL 205.21(2)(f) provides a textual link between issuance of the final assessment and provision of the required notices.[27] Under that section, a final assessment of a tax deficiency "is final and subject to appeal as provided in [MCL 205.22]. The final notice of assessment shall include a statement advising the person of a right to appeal."[28] The statute equates "final assessment" with "final *notice* of assessment" by using the terms interchangeably.[29] The notice and the assessment are one and the same. It follows that the assessment cannot issue if the notices do not issue. Given its plain meaning, "issuance" requires actual distribution; the root word, "issue," is

---

[26] At oral argument, counsel for the department conceded that if the department does not comply with MCL 205.28(1)(a), it does not provide notice, and the consequence of not providing notice is that an assessment was never issued.

[27] MCL 205.21(2)(f) reads in full:

> If the taxpayer does not protest the notice of intent to assess within the time provided in subdivision (c), the department may assess the tax and the interest and penalty on the tax that the department believes are due and payable. An assessment under this subdivision or subdivision (e) is final and subject to appeal as provided in section 22. *The final notice of assessment shall include a statement advising the person of a right to appeal.* [Emphasis added.]

[28] *Id.*

[29] Indeed, "[i]t was previously the practice of [the department] to use the phrasing 'notice of assessment' when it issued assessments." *Fradco*, 298 Mich App at 300.

11

defined as "the act of sending out or putting forth; promulgation; distribution."[30] Thus, in addition to our determination that the two statutory notice requirements apply to the department with equal force, we further conclude that satisfaction of both notice requirements is required before issuance of the assessment is deemed to have occurred, starting the appeal period. Because the department delayed issuing the notices of assessment to the taxpayers' representatives in both cases before us, the running of the appeal periods were also delayed. The taxpayers' appeals were therefore timely, and the Tax Tribunal retained jurisdiction.[31]

## IV. CONCLUSION

The Tax Tribunal and Court of Appeals correctly interpreted MCL 205.8 as imposing upon the department an obligation to notify a taxpayer's official representative before the time to appeal a final assessment may begin to run. In both force and effect, this obligation applies to the department coextensively with MCL 205.28(1)(a).

---

[30] *Random House Webster's College Dictionary* (1997).

[31] Although it did not preserve this issue in the Court of Appeals below, the department here challenges the validity of the power of attorney forms in both cases. In *Fradco*, the department argues that the authorization form was invalid because it did not identify a specific dispute, as MCL 205.8 allegedly requires. However, MCL 205.8 only states that a taxpayer may not designate more than one representative for a single dispute. Here, Fradco had only one designated representative throughout the dispute. In *SMK*, the department argues that the form designating Edward Kisscorni as a representative was not valid because it was the third authorization form on file. While it is true that SMK had three authorization forms on file, the third form gave Kisscorni limited authorization to represent SMK in this tax matter specifically. Thus, SMK only specifically designated one representative for this dispute.

The running of the appeal period is triggered by "issuance of the assessment," and while issuance is not explicitly defined, MCL 205.21(2)(f) demonstrates that notice of the assessment is equivalent to the assessment itself. Thus, the running of the appeal period is triggered by issuance of statutory notice. Further, compliance with MCL 205.28(1)(a) is undisputedly a prerequisite to issuance.[32] Because MCL 205.8 operates in tandem with MCL 205.28(1)(a), we hold that compliance with the department's statutory obligation to notify a taxpayer's official representative is likewise a prerequisite to issuance. However, because MCL 205.28(1)(a) and MCL 205.8 do not require the department to show that the taxpayer or its representative actually received the notice, we vacate the portions of the Court of Appeals opinions that read, "Because Petitioner filed its appeal within 35 days after its representative received notice from respondent, the Tax Tribunal had jurisdiction to hear petitioner's appeal."[33] To the extent that this can be read to mean the appeal period begins when a taxpayer's representative receives notice, we conclude it is erroneous. Instead, the appeal period begins when the department complies with MCL 205.28(1)(a) by giving the taxpayer notice of the final assessment through personal

_____

[32] See note 26 of this opinion.

[33] *Fradco*, 298 Mich App at 301; *SMK*, 298 Mich App at 310.

13

service or certified mail and MCL 205.8 by sending a copy of the notice of the final

assessment to the representative's address provided by the taxpayer in its written request.

In all other respects, we affirm the rulings of the Court of Appeals.

Robert P. Young, Jr.
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano