# STATE OF MICHIGAN

# COURT OF APPEALS

K & W WHOLESALE, LLC, and VISNA MATI,

    Plaintiffs-Appellants,

v

DEPARTMENT OF TREASURY and KEVIN CLINTON,

    Defendants-Appellees.

FOR PUBLICATION
February 7, 2017
9:00 a.m.

No. 327107
Macomb Circuit Court
LC No. 2014-004213-AA

Before: GADOLA, P.J., and WILDER and METER, JJ.

METER, J.

Plaintiffs K & W Wholesale, LLC, and Visna Mati appeal as of right an order granting defendants' motion for reconsideration and their motion for summary disposition in this case involving the interpretation of the Tobacco Products Tax Act (TPTA), MCL 205.421 *et seq.* We affirm.

On August 18, 2014, the Michigan State Police, acting on behalf of defendant Department of Transportation ("the Department"), conducted an inspection of plaintiffs' facility in Sterling Heights. After observing various purported violations of the TPTA, the officers seized 47 cases of tobacco from plaintiffs. On September 11, 2014, a referee at the Department conducted an informal conference concerning whether the Department legally seized plaintiffs' tobacco and whether the tobacco should be forfeited to the state. The Department argued, in part, that plaintiffs violated MCL 205.426(6) by possessing tobacco shipping cases that failed to identify the first purchaser of the tobacco. The Department argued that the officers properly seized the tobacco and that it should be forfeited. Plaintiffs argued that they purchased the tobacco from a licensed wholesaler, that they had invoices to prove that the purchases were made legally, and that the product should be returned to them.

Following the hearing, the referee issued an informal conference recommendation. The referee concluded that the Department properly seized the tobacco. The referee reasoned that, on the date of the seizure, plaintiffs possessed cases of tobacco with labels that did not bear the name of the first purchaser of the tobacco. The referee noted that possession of tobacco without proper identification of the first purchaser was sufficient in itself to violate the TPTA and was grounds for seizure and forfeiture.

-1-

On September 22, 2014, defendant Kevin Clinton, on behalf of the Department, adopted the referee's recommendation in a Decision and Order of Determination ("the Order"). The Order stated that if plaintiffs disagreed with the decision, they could file a written appeal in the circuit court of the county where the seizure occurred. The Order stated that the appeal "must be commenced in circuit court within 20 days of this decision in accordance with . . . MCL 205.429." Defendants submitted evidence that a copy of the Order was received at the address of K & W Wholesale on September 24, 2014.

On October 30, 2014, plaintiffs filed a complaint in the circuit court, attempting to appeal the Order. In the complaint, plaintiffs argued that they were not able to file an appeal with the circuit court within 20 days of the Order because their attorney had not been timely served with a copy of it. Plaintiffs also argued that any deficiency in the labeling of the tobacco created only a presumption of a violation under the TPTA, which they adequately rebutted. Plaintiffs requested that the court vacate the Order.

On December 1, 2014, defendants moved for summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction) and (7) (violation of the statute of limitations). Defendants argued that the court lacked subject-matter jurisdiction because the 20-day limitations period had run. In response to plaintiffs' argument that their attorney had not been served with a copy of the Order, defendants argued that they complied with the TPTA by notifying the person claiming an interest in the seized property. The circuit court initially denied defendants' motion for summary disposition in a ruling dated February 5, 2015, stating that defendants had "failed to provide the [c]ourt with substantively admissible evidence to demonstrate that [plaintiffs] were served with the decision that is the subject of this appeal." Defendants filed a motion for reconsideration, arguing that the trial court erred in finding no proper proof of service. Defendants argued that counsel for plaintiffs had admitted in his response to defendants' motion for summary disposition that plaintiffs received a copy of the Order on September 29, 2014. Defendants also pointed out that they had presented a United States Postal Service (USPS) tracking document showing delivery to plaintiffs' address on September 24, 2014. Finally, defendant attached to their motion for reconsideration an actual certified mail receipt showing service at plaintiffs' address on September 24, 2014.

On April 6, 2015, the trial court, relying on the certified mail receipt, granted defendants' motion for reconsideration and their motion for summary disposition. Plaintiffs now take issue with this decision.

"This Court reviews decisions on motions for summary disposition de novo." *Durcon Co v Detroit Edison Co*, 250 Mich App 553, 556; 655 NW2d 304 (2002). "When viewing a motion under MCR 2.116(C)(4), this Court must determine whether the pleadings demonstrate that the defendant was entitled to judgment as a matter of law, or whether the affidavits and other proofs show that there was no genuine issue of material fact." *Weishuhn v Catholic Diocese of Lansing*, 279 Mich App 150, 155; 756 NW2d 483 (2008) (citation and quotation marks omitted). "Summary disposition under MCR 2.116(C)(7) is appropriate when the undisputed facts establish that the plaintiff's claim is barred under the applicable statute of limitations." *Kincaid v Caldwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). "[A] party moving for summary disposition under MCR 2.116(C)(7) may support the motion with affidavits, depositions,

admissions, or other admissible documentary evidence, which the reviewing court must consider." *Id*.

This Court reviews for an abuse of discretion a trial court's decision regarding a motion for reconsideration. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000). In addition, "[i]ssues of statutory interpretation are reviewed de novo." *City of Riverview v Sibley Limestone*, 270 Mich App 627, 630; 716 NW2d 615 (2006).

The TPTA "is at its heart a revenue statute, designed to assure that tobacco taxes levied in support of Michigan schools are not evaded." *People v Beydoun*, 283 Mich App 314, 327; 770 NW2d 54 (2009) (citation and quotation marks omitted). If a person possesses tobacco in a manner that violates the TPTA, the tobacco "may be seized and confiscated" by the Department. MCL 205.429(1). After the tobacco has been seized, the person who conducted the seizure must serve an inventory statement of the seized property upon the person from whom it was taken. MCL 205.429(3). Within 10 days of receiving the inventory statement, the person from whom the property was seized may demand a hearing before the state treasurer to determine "whether the property was lawfully subject to seizure and forfeiture." *Id*.

The Department is then required to hold a hearing within 15 days of the demand. *Id*. If, after the hearing, the Department determines that the property was lawfully seized and is subject to forfeiture, the person from whom the property was seized, or any person with an interest in the property, may file an appeal in the circuit court of the county in which the property was seized. MCL 205.429(3) & (4). The statute states that the suit "shall be commenced within 20 days after notice of the department's determination is sent to the person or persons claiming an interest in the seized property." MCL 205.429(4).

Plaintiffs contend that the 20-day period for filing an appeal in the circuit court had not run at the time of their lawsuit because the Department did not effectuate service on the attorney who represented them at the informal conference. "The primary goal of statutory interpretation is to ascertain the legislative intent that may reasonably be inferred from the statutory language." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011) (citations and quotation marks omitted). The first step is to review the language in the statute. *Id*. Unless otherwise defined in the statute, "every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Id*. (citations omitted). Unambiguous statutory language must be enforced as written. *Willett v Waterford Twp Charter*, 271 Mich App 38, 48; 718 NW2d 386 (2006).

MCL 205.429(4) states that an appeal to the circuit court must be made "within 20 days after notice of the department's determination is sent to the person or persons claiming an interest in the seized property." Applying the above rules of statutory interpretation, we hold that the 20-day period is trigged by sending notice to the person or persons claiming an interest in the seized property. The statute simply does not contain any reference to sending notice to an attorney or representative of that person or those persons.

Plaintiffs argue that the Michigan Administrative Code should supersede the pertinent language in MCL 205.429(4). Plaintiffs argue that "MCL 205.20 . . . incorporates the informal conference provisions of MCL 205.21 into the TPTA forfeiture procedures and MCL 205.4 . . .

incorporates the rules of the informal conference [procedure] . . . to the TPTA." Plaintiffs thus argue that administrative rules regarding notice to representatives of taxpayers after an informal conference apply to the TPTA. However, MCL 205.20 states, "*Unless otherwise provided by specific authority in a taxing statute administered by the department*, all taxes shall be subject to the procedures of administration, audit, assessment, interest, penalty, and appeal provided in [MCL 205.21 to MCL 205.30]" (emphasis added). The specific authority in the TPTA requires that the 20-day period in question commence after the Department sends notice to "the person or persons claiming an interest in the seized property." MCL 205.429(4). In addition, the TPTA states:

> The tax imposed by this act shall be administered by the revenue commissioner pursuant to Act No. 122 of the Public Acts of 1941, being sections 205.1 to 205.31 of the Michigan Compiled Laws, and this act. In case of conflict between Act No. 122 of the Public Acts of 1941 and this act, the provisions of this act control. [MCL 205.433(1).]

Even if a conflict could be discerned, the TPTA provision regarding the triggering of the 20-day period controls.[1]

Plaintiffs also argue that because their attorney was sent copies of the Department's decisions in the past, this amounted to an interpretation by the Department that the Department was required to send this documentation to an attorney representing individuals before the Department. Even assuming that the Department had a custom of sending notice to attorneys representing individuals who had property seized pursuant to the TPTA, and assuming that this custom amounted to an interpretation of the TPTA, the Michigan Supreme Court has held that an "agency's interpretation [of a statute] is not binding on the courts . . . ." *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008). The Supreme Court has stated that an agency's interpretation, while owed respectful consideration, "cannot conflict with

---

[1] In addressing a claim involving the General Sales Tax Act (GSTA), MCL 205.51 *et seq.*, the Michigan Supreme Court, in *Fradco, Inc v Dep't of Treasury*, 495 Mich 104, 108; 845 NW2d 81 (2014), ruled that "if a taxpayer has appointed a representative, the department must issue notice to both the taxpayer and the taxpayer's official representative to trigger the running of the appeal period." The Court noted that, "[i]n administering taxes generally, the department must adhere to MCL 205.21 to 205.30, '[u]nless otherwise provided by specific authority in a taxing statute.' " *Fradco*, 495 Mich at 113 n 15, quoting MCL 205.20. The *Fradco* Court noted that the GSTA is a taxing statute and expressly states that the Department is to follow the revenue collection act, MCL 205.1 to 205.31, in administering the sales tax. *Fradco*, 495 Mich at 113 n 15; see also MCL 205.59(1). MCL 205.8 contains the express requirement that the taxpayer's "official representative" be served with notice of the Department's decision regarding a dispute with the taxpayer if the taxpayer has requested that such notice be sent. See *Fradco*, 495 Mich at 113. Even assuming that plaintiffs could be deemed to have requested that notice of the opinion be sent to their attorney, the TPTA, unlike the GSTA, does not mandate that MCL 205.8 be followed.

the Legislature's intent as expressed in the language of the statute at issue." *Id*. As noted above, the plain language of the statute demonstrates a legislative intent that the 20-day limitations period commences upon the sending of notice to the person or persons claiming an interest in the seized property.

As a result of plaintiffs' failure to file suit in the circuit court within the limitations period, the trial court correctly granted defendants' motion for reconsideration and their motion for summary disposition.

Plaintiffs contend that there were questions of fact regarding whether the relevant interested parties were sent a copy of the Order because plaintiff Visna Mati, in an affidavit, denied having been served. However, plaintiffs themselves submitted several documents, including two letters, in support of their response to defendants' motion for summary disposition. Salem Samaan, the attorney who represented plaintiffs at the informal conference, stated in one letter that he had been retained by "Visna Mati/K & W Wholesale LLC relative to the above referenced matter." He later stated, in another letter, that he "attended the hearing with my client"[2] and that "[a] decision was issued and sent to my client, however, I never received a copy of the decision." He continued, "The decision was issued on September 22, 2014. My client received it September 29, 2014." He indicated that "[his] client, not aware of the 20 day deadline for filing an appeal, forwarded a copy of the decision to me today, October 14, 2014 . . . ." Another of plaintiffs' attorneys, M. Michael Koroi, argued, without elaboration, that "only one mailing ever went out" even though there were allegedly two interested parties. However, Koroi also admitted that Mati was "designated as the person whom the product was seized from and the owner under the Notice of Seizure and Inventory Statement of Property Seized and also identified as the person served with said forfeiture notice by the Michigan State Police." The seizure inventory form listed "Visna Mati" under the space for "name" and the space for "owner," and it listed "K & W Wholesale LLC" as the "legal place of business." Visna Mati signed this seizure inventory form. In addition, the certified mail receipt showed the addressee as "K & W Wholesale, LLC/Visna Mati"; the Order was mailed to the address of K & W Wholesale. The documentation makes clear that Mati was closely involved with K & W, and we will not abide plaintiff's attempt to create an issue of fact by claiming that Mati should have been sent a separate notice, especially when Samaan sent a letter to the Department stating that he would be representing "Visna Mati/K & W Wholesale LLC" in the matter. See, generally, *Dykes v William Beaumont Hosp*, 246 Mich App 471, 481; 633 NW2d 440 (2001) (discussing attempts to create an issue of fact by way of affidavit). All the evidence in the case, including the USPS printout, adequately proved service on the part of the Department, and plaintiffs' appeal to the circuit court was time-barred. *Kincaid*, 300 Mich App at 522.[3]

---

[2] The clear implication of this statement is that "Visna Mati/K & W Wholesale" was his singular "client."

[3] We reject plaintiffs' argument that the circuit court prematurely granted summary disposition before the close of discovery. There was no fair likelihood that further discovery would yield

Plaintiffs also note that the Order provided incorrect information regarding the allowable period for filing their appeal. The Order stated that if plaintiffs disagreed with the decision of the Department, an appeal "must be commenced in circuit court within 20 days of this decision in accordance with section 9(4) of the Tobacco Products Act, MCL 205.429." Plaintiffs are correct that the Order misstated the plain wording of the statute. As noted, MCL 205.429(4) states that an appeal to the circuit court must be made "within 20 days after notice of the department's determination is sent to the person or persons claiming an interest in the seized property."[4] However, plaintiffs do not even attempt to explain how the outcome of the present case would have changed if the Department had used the correct wording.

Affirmed.

/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Kurtis T. Wilder

---

support for plaintiffs' position. *Ensink v Mecosta Gen Hosp*, 262 Mich App 518; 687 NW2d 143 (2004).

[4] Plaintiffs suggest that the statute and the manner in which the Department words its notices cause hardship to taxpayers, but we need not address this suggestion to resolve the present appeal.