*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SIMON KEMENNU,

Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

Respondent-Appellee.

UNPUBLISHED
June 15, 2023

No. 362037
Michigan Tax Tribunal
LC No. 22-000028

Before: RIORDAN, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

In this case, petitioner appeals by right the Michigan Tax Tribunal's order dismissing petitioner's appeal as untimely filed. Petitioner argues that his untimely filing resulted from the denial of his due-process right to constitutionally sufficient notice. For the reasons set forth in this opinion, we reverse and remand this case to the Tax Tribunal for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from respondent's denial of the principal residence exemption (PRE) for petitioner's property in Farmington Hills (the subject property). Petitioner purchased the subject property in December 2016 and claimed the PRE for the subject property. However, petitioner did not update his address on his driver's license, which continued to reflect an address in West Bloomfield. There was also evidence that petitioner registered a motor vehicle to the West Bloomfield address in 2017.

On September 12, 2019, respondent issued a notice denying petitioner's PRE for the subject property for the years 2017, 2018, and 2019. The notice was addressed to petitioner's West Bloomfield address and stated that the PRE for the subject property had been denied because respondent had conducted a statutory audit of properties receiving the PRE and had not received a completed questionnaire or other requested information. The Oakland County Treasurer issued a tax bill for the subject property to petitioner in September 2019 for the amount petitioner owed as

-1-

a result of the PRE denial. This tax bill contains both the address of the subject property and the West Bloomfield address.[1]

On October 11, 2019, petitioner changed the address on his driver's license to reflect the address of the subject property. On the same day, petitioner sent an email to respondent stating in relevant part, "I am requesting an informal conference due to a tax bill I received from the Oakland County Treasurer stating that I do not live in my home." At the bottom of the email, petitioner listed the subject property address as his "Home address." Petitioner sent another email[2] on November 6, 2019, stating as follows:

> I have attached documentation showing I have lived in my home since 2017 and it is homestead. If there is anything I can do please let me know.

The informal conference was held on March 26, 2020. Petitioner did not appear. Following the informal conference, the referee issued a written recommendation indicating that the PRE for the subject property should remain denied for the years 2017, 2018, and 2019. Although acknowledging that petitioner had submitted federal income tax returns from 2017 and 2018 listing the subject property as his address, as well as his DTE Energy account history for the subject property, the referee found that petitioner's documents did not establish that he occupied the subject property as his principal residence in light of the evidence concerning his driver's license address and vehicle registration address. The written recommendation noted that respondent had sent a notice of informal conference to petitioner at the West Bloomfield address via certified mail, return-receipt requested, and that this notice had been returned to respondent unclaimed.

On June 4, 2020, respondent issued a decision and order of determination consistent with the referee's recommendation and ordering that the PRE for the subject property would be 0% for the tax years at issue. The order stated that it was respondent's final decision under MCL 211.7cc(8) and explained the right to appeal the decision to the Tax Tribunal within 35 days in accordance with MCL 211.7cc(13).

Both the informal conference recommendation and the order of determination were addressed to petitioner at the West Bloomfield address although both the recommendation and the order also correctly indicated that the subject property was in fact the subject of the PRE dispute.

On January 13, 2022, petitioner filed a petition in the Tax Tribunal. The petition alleged as follows:

> Mr. Kemennu purchased this parcel in December of 2016 and moved in that same month. He has resided there ever since and has no other residence. He merely neglected to change his driver's license address. The testimony of several neighbors

---

[1] There appears to be a typographical error in the West Bloomfield address on this document.

[2] This email also listed the subject property address in the email signature.

-2-

and documentary evidence will be available to show that Mr. Kemennu has resided at this address since he purchased it.

Because the Department of Treasury only served this appeal paperwork at Mr. Kemennu's old address, which was listed on his driver's license, Mr. Kemennu did not have knowledge of the determination on June 4, 2020 until late into calendar year 2021. As such, Mr. Kemennu argues that due process requirements demand that he be given a chance at hearing since he had no knowledge of the proceeding against him.

Respondent answered and argued in pertinent part that petitioner's appeal to the Tax Tribunal was untimely because it was filed well more than 35 days after the June 4, 2020 decision and order. Respondent indicated that the June 4, 2020 decision and order had been mailed to petitioner's "last known address" in West Bloomfield. Respondent concurrently filed a motion to dismiss predicated on the same argument.

Petitioner opposed the motion to dismiss, arguing that notice of the informal conference, the informal conference recommendation, and respondent's final decision denying the PRE were only sent to petitioner's former West Bloomfield address where he no longer resided. Petitioner argued that he never received those documents and was unaware of the final decision against him and his options to appeal respondent's PRE determination until the county began foreclosure proceedings against the subject property. Petitioner further argued that respondent denied his due-process right to notice of the informal conference date and time, as well as the final decision and order of determination.

Petitioner submitted an affidavit in which he averred in relevant part:

10. I never received any of the documents that the Department of Treasury mailed to my former residence.

11. On November 6, 2019, I email[ed] documentation regarding my residing at the Property and indicated that my proper mailing address was at the Property. . . .

12. In further conversations with a representative of the Department of Treasury, the representative indicated that the only address they had on file for me was my old address on my driver's license. I informed the representative that I no longer lived there and indicated that all correspondence should come to the Property, where I actually resided.

13. I never received any correspondence from the Department of Treasury that was addressed to the Property. I never received documentation on how to participate in the informal conference and I was not informed of the outcome of the informal conference or the order of determination against my PRE.

14. Having received no notice of the proceeding, I was unable to present my case that I had resided at the Property since I purchased it and was denied a fair hearing.

15. Further, having no notice of the outcome of my appeal, I was unaware of the short timeframe I had to appeal to the Michigan Tax Tribunal.

Petitioner also attached an affidavit from his neighbor averring that petitioner had continuously lived at the subject property since 2016.

The Tax Tribunal denied respondent's motion to dismiss and the matter proceeded to a hearing in the Tax Tribunal before an administrative law judge (ALJ). Following the hearing, the ALJ issued a proposed order of dismissal. The ALJ reasoned that the petition should be dismissed on the following grounds:

Petitioner filed this appeal on January 13, 2022, contesting Respondent's June 4, 2020 denial of the subject property's PRE. Petitioner's appeal is untimely pursuant to MCL 211.7cc and 205.735a, which require filing within 35 days of the issuance of the denial. Respondent's notices were sent to Petitioner at the Perrytown [Dr.] address [in West Bloomfield] in 2020. Petitioner updated the address on his driver's license on October 11, 2019, and [respondent's representative] testified that this update would not necessarily be forwarded to the Department of Treasury for their records. There is no evidence Petitioner unambiguously requested an address change with the Department of Treasury. Petitioner submitted 2019 email correspondence between him and [respondent's] PRE Unit indicating the home address is the subject property. However, there is no overt request to change his mailing address at any point.

Though Petitioner contends that they were not afforded sufficient notice and opportunity to timely file an appeal, Petitioner admitted he received tax bills at the subject property, even if perhaps his mail was being forwarded. Petitioner would have received tax bills in 2020 and 2021 identifying that the subject property had a 0% PRE. However, Petitioner did not file an appeal within 35 days of this notification of the PRE denial. Additionally, Petitioner testified that he was naïve in not following up on the status of the PRE and this testimony establishes that Petitioner himself contributed to the delay in the filing of the petition initiating this case.

As such, and inasmuch as the Tribunal has no equitable power to waive or otherwise disregard a statutory filing deadline, it has no authority to grant Petitioner the relief requested. Petitioner's appeal is barred by the statute of limitations. [Citations omitted.]

Neither party filed exceptions to the proposed order. The Tax Tribunal entered a final order of dismissal, adopting the proposed order of the ALJ. This appeal ensued.

## II. STANDARD OF REVIEW

Appellate review of decisions by the Tax Tribunal is limited, absent fraud, to review "for a misapplication of the law or the adoption of a wrong principle." *Fradco, Inc v Dep't of Treasury*, 495 Mich 104, 112; 845 NW2d 81 (2014). "We consider the Tax Tribunal's factual findings conclusive if they are supported by competent, material and substantial evidence on the whole

-4-

record." *Id*. (quotation marks and citation omitted). The Tax Tribunal commits an error of law if its decision is not supported by competent, material, and substantial evidence on the whole record. *Forest Hills Co-operative v City of Ann Arbor*, 305 Mich App 572, 586; 854 NW2d 172 (2014). Constitutional issues are reviewed de novo. *Sidun v Wayne Co Treasurer*, 481 Mich 503, 508; 751 NW2d 453 (2008). Statutory interpretation is also reviewed de novo as a question of law. *Fradco*, 495 Mich at 112.

## III. ANALYSIS

The Tax Tribunal determined that petitioner's appeal was untimely pursuant to MCL 211.7cc and MCL 205.735a because petitioner filed his petition in the Tax Tribunal more than 35 days after the June 4, 2020 final order denying the PRE for the subject property.

In general terms, under MCL 211.7cc(8), respondent has the authority to review the validity of a claimed PRE for "the current calendar year and for the 3 immediately preceding calendar years," and "if the department of treasury determines that the property is not the principal residence of the owner claiming the exemption, the department shall send a notice of that determination to the local tax collecting unit and to the owner of the property claiming the exemption, indicating that the claim for exemption is denied, stating the reason for the denial, and advising the owner claiming the exemption of the right to appeal the determination to the department of treasury and what those rights of appeal are." "An owner may appeal the denial of a claim of exemption to the department of treasury within 35 days of receipt of the notice of denial," and an "appeal to the department of treasury shall be conducted according to the provisions for an informal conference in section 21 of 1941 PA 122, MCL 205.21." MCL 211.7cc(8). "Upon receipt of a taxpayer's written notice, the department shall set a mutually agreed upon or reasonable time and place for the informal conference and shall give the taxpayer reasonable written notice not less than 20 days before the informal conference." MCL 205.21(2)(d).

"An owner may appeal . . . a final decision of the department of treasury under [MCL 211.7cc(8)] . . . to the residential and small claims division of the Michigan tax tribunal within 35 days of that decision." MCL 211.7cc(13). Similarly, MCL 205.735a(6), which is contained within the Tax Tribunal Act, MCL 205.701 *et seq*., provides that in matters other than certain specified matters not at issue in this case, "the jurisdiction of the tribunal is invoked by a party in interest, as petitioner, filing a written petition within 35 days after the final decision, ruling, or determination."[3] A filing that is untimely under the relevant provision of the Tax Tribunal Act generally "deprives the Tax Tribunal of jurisdiction to consider the petition other than to dismiss it." *Leahy v Orion Twp*, 269 Mich App 527, 532; 711 NW2d 438 (2006).

However, petitioner argues that he was denied his due-process right to notice, which prevented him from attending the informal conference and filing his appeal in the Tax Tribunal within the statutory 35-day period. Further petitioner asserts that because respondent improperly used his former address in West Bloomfield, petitioner never received notice of the informal

---

[3] The term "tribunal" in this statute refers to the tax tribunal. MCL 205.703(g).

conference or respondent's June 4, 2020 final decision and order of determination denying the PRE. Petitioner maintains that notice should also have been sent to the subject property.

Both the United States and Michigan Constitutions protect against the deprivation of life, liberty, or property without due process of law. US Const, Am V, XIV; Const 1963, art 1, § 17; *Sidun*, 481 Mich at 508-509. Adequate notice and an opportunity to be heard are fundamental to procedural due process. *Hughes v Almena Twp*, 284 Mich App 50, 69; 771 NW2d 453 (2009). "Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 313; 70 S Ct 652; 94 L Ed 865 (1950).

The type of notice necessary to satisfy the requirements of constitutional due process has been described as follows:

> The United States Supreme Court recently has held that "due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " Furthermore, " 'when notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.' " However, "[d]ue process does not require that a property owner receive *actual notice* before the government may take his property." [*In re Treasurer of Wayne Co for Foreclosure*, 478 Mich 1, 9; 732 NW2d 458 (2007), quoting *Jones v Flowers*, 547 US 220, 226, 229; 126 S Ct 1708; 164 L Ed 2d 415 (2006), quoting *Mullane*, 339 US at 314, 315 (alterations and ellipsis in original).]

The "means employed to notify interested parties must be more than a mere gesture; they must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice." *Sidun*, 481 Mich at 509.

As previously noted, the Tax Tribunal in the instant case dismissed petitioner's appeal for being untimely because it was filed more than 35 days after the June 4, 2020 final decision and order of determination denying the PRE for the subject property. Under MCL 211.7cc(13) and MCL 205.735a(6), petitioner had to appeal that decision to the Tax Tribunal within 35 days. Petitioner filed his petition in the Tax Tribunal on January 13, 2022, which is undisputedly more than 35 days after June 4, 2020. However, it is also undisputed that the June 4, 2020 decision was only sent to the West Bloomfield address, and respondent does not claim to have sent it to the subject property. Petitioner averred that he no longer resided at that address and that he never received notice of this decision. The record contains evidence that at least one attempt at mailing notice to the West Bloomfield address via certified mail was returned to respondent unclaimed, that petitioner had claimed the PRE for the subject property, that petitioner listed the subject property address as his home address on email correspondence with respondent, and that petitioner informed one of respondent's representatives that all communications should be sent to petitioner at the subject property address.

Respondent may have had good reason to initially send notice to the West Bloomfield address considering petitioner's driver's license and vehicle registration records. Notice may be constitutionally sufficient if it was reasonably certain to reach the intended recipient at the time it was sent. *Jones*, 547 US at 226; *Sidun*, 481 Mich at 510. However, "the reasonableness of a particular method could vary, depending on what information the government had." *Sidun*, 481 Mich at 510; see also *Jones*, 547 US at 227 ("[T]he notice required will vary with circumstances and conditions.") (quotation marks and citation omitted). The government must "consider unique information about an intended recipient," *Sidun*, 481 Mich at 511, and the "government's knowledge that its attempt at notice has failed is a circumstance and condition that varies the notice required," *id*. (quotation marks and citation omitted). Our Supreme Court has explained:

> In such a case, the adequacy of the government's efforts will be evaluated in light of the actions it takes after it learns that its attempt at notice has failed. . . . "[W]hen mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." "What steps are reasonable in response to new information depends upon what the new information reveals." For example, when certified mail is returned as "unclaimed," it means either that the addressee still lives at that address but was not home when the mail was delivered and did not retrieve it, or that the addressee no longer resides at that address. Under those circumstances, a reasonable follow-up measure aimed at the first possibility would be to resend the notice by regular mail. Reasonable follow-up measures directed at the possibility that the addressee had moved would be to post notice on the front door or to send notice addressed to "occupant." Although the government must take reasonable additional steps to notify the owner, it is not required to go so far as to "search[ ] for [an owner's] new address in the . . . phonebook and other government records such as income tax rolls." [*Id*. at 511-512 (citations omitted; alterations and second ellipsis in original).]

The failure to take reasonable existing follow-up measures to provide notice to the intended party in light of the information actually possessed by the government may be a violation of due process because one actually desiring to provide notice would take those additional reasonable steps. *Sidun*, 481 Mich at 512-515; *Jones*, 547 US at 229-231, 234. The "government's knowledge that notice pursuant to the normal procedure was ineffective trigger[s] an obligation on the government's part to take additional steps to effect notice." *Jones*, 547 US at 230. In assessing the adequacy of a particular form of notice, we balance the governmental interests against the individual's interest protected by due process. *Jones*, 547 US at 229. Determining whether due process was satisfied does not involve categorical rules. See *id*. at 238 (declining to prescribe the form of service for the government to adopt but stating that "we conclude, at the end of the day, that someone who actually wanted to alert Jones that he was in danger of losing his house would do more when the attempted notice letter was returned unclaimed, and there was more that reasonably could be done"); *Sidun*, 481 Mich at 515 (explaining that governmental entities are not categorically required to search for and send notice to additional addresses in all circumstances but that the "guiding principle remains that notice must be 'reasonably calculated' to apprise interested parties of the action and to provide them an opportunity to be heard") (quoting *Mullane*, 339 US at 314). "[W]hat constitutes a reasonable follow-up measure depends on the

circumstances, including what information the government had both before and after its failed attempt." *Sidun*, 481 Mich at 515-516.

Here, in light of the information possessed by respondent in this case, we conclude that someone who actually wanted to provide notice to petitioner would have also sent notice to the subject property in addition to the West Bloomfield address. *In re Treasurer of Wayne Co for Foreclosure*, 478 Mich at 9; *Sidun*, 481 Mich at 509. Under the circumstances of this case, respondent's failure to take the minimally burdensome additional step of sending notice to the property that was the subject of the proceedings was unreasonable. *Sidun*, 481 Mich at 515-516. Although petitioner did not update his driver's license address to reflect the address of the subject property for almost three years, a party's failure to update its address in government records or otherwise "take steps to safeguard its own interests does not relieve the State of its constitutional obligation" regarding notice. *Jones*, 547 US at 232 (quotation marks and citation omitted); see also *Sidun*, 481 Mich at 517.

When a petitioner's constitutional right to due process is violated due to a lack of adequate notice of the proceedings that the petitioner sought to appeal to the Tax Tribunal, the remedy is to remand to the Tax Tribunal for a new hearing in order to cure the constitutional violation by providing the procedural due process to which the petitioner is entitled. *Spranger v City of Warren*, 308 Mich App 477, 483-485; 865 NW2d 52 (2014).

Nevertheless, petitioner admitted in commencing his appeal in the Tax Tribunal that he had notice of the June 4, 2020 decision denying his PRE at some point late in 2021. It is not clear from the record when or how petitioner received this actual notice. "Fundamental requirements of due process are satisfied if a party received actual notice." *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 356 n 12; 745 NW2d 137 (2007), disavowed in part on other grounds by *2 Crooked Creek, LLC v Cass Co Treasurer*, 507 Mich 1; 967 NW2d 577 (2021). Hence, there is no due-process violation if there is "credible evidence" showing that actual notice was received despite the insufficient notice attempts. *Gillie*, 277 Mich App at 356 n 12.

On this record, we cannot discern whether petitioner timely filed in the Tax Tribunal. The Tax Tribunal assumed, without making any proper factual findings, that petitioner must have had notice by a certain point that made his filing untimely. However, no evidence of this notice was submitted. Mere assumptions about the standard timing for sending tax bills, without evidence related to the actual tax bills in this case, do not provide evidence of when *notice of respondent's June 4, 2020 final determination denying the PRE* was provided to or received by petitioner. The 35-day period for appealing to the Tax Tribunal did not begin to run until respondent complied with its notice obligations regarding the June 4, 2020 decision. See *Fradco*, 495 Mich at 108, 117-119 (holding that the jurisdictional limitations period for appealing a Department of Treasury decision to the Tax Tribunal did not begin to run until the department had complied with its statutory notice obligations). Thus, on the record currently before this Court, we cannot conclude that the tribunal's decision was supported by competent, material, substantial evidence on the whole record. *Id*. at 112; *Forest Hills Co-operative*, 305 Mich App at 586.

Reversed and remanded to the Tax Tribunal for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra