GRANGER v NAEGELE ADVERTISING COMPANIES, INC

1. CONTRACTS—PAROL EVIDENCE—APPEAL AND ERROR.

Parol evidence admitted by the trial court need not be considered on appeal to determine the meaning of a contract where it appears to the Court of Appeals that the language of the contract is clear and unambiguous.

2. WORDS AND PHRASES—"SHALL".

The word "shall" is equivalent to the word "must", and is generally imperative or mandatory.

3. CONTRACTS—EMPLOYMENT—MANDATORY PROVISIONS—INTERPRETATION.

Language in an employment contract which provided that the employee's salary "shall be reviewed and shall be subject to adjustment upward or downward" based on the employee's performance is clearly mandatory and the trial court erred in dismissing the employee's claim for salary due on the ground that the language was permissive in nature.

4. CONTRACTS—EMPLOYMENT—WAIVER OF CONTRACTUAL RIGHTS.

The fact that a plaintiff-employee continued his employment with the defendant-employer without receiving an increase in his salary as mandated by the employment contract did not amount to a waiver of the plaintiff's contractual rights where the record indicated that the plaintiff periodically asserted his claim that sums were due him under the terms of the contract.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 February 8, 1973, at Detroit. (Docket No. 13538.) Decided April 25, 1973. Leave to appeal denied, 390 Mich 751.

Complaint by Joseph Granger against Naegele Advertising Companies, Inc., for salary due under

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 77.
[2] 50 Am Jur, Statutes § 28.
[3, 4] 53 Am Jur 2d, Master and Servant §§ 14–70.

an employment contract. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*John L. Kadella* and *Richard C. Tripp,* for plaintiff.

*Walter A. Paruk* and *Roger Peterson,* for defendant.

Before: T. M. Burns, P. J., and Bashara and Adams,* JJ.

Bashara, J. This case involves an action by plaintiff, a former employee of defendant, arising from a contract entered into between the parties dated December 14, 1964. The terms of the agreement commenced August 1, 1963 and terminated July 31, 1968. Prior to the date of the contract, plaintiff was a commission salesman for defendant, or it's predecessor. The contract in question put plaintiff on a specific salary of $25,000 per year, which included all expenses. However, paragraph 8 recognized that plaintiff had produced sales of approximately $500,000 per year, and that:

"If the billing from said accounts increases or decreases by more than ten percent (10%) in any calendar year during the existance *[sic]* of this contract Granger's [plaintiff's] salary for the next succeeding year shall be reviewed and shall be subject to adjustment upward or downward by an amount determined by multiplying the percentage of increase or decrease times $25,000."

A supplemental letter of December 21, 1964 from defendant and "attested to" by plaintiff recited that "[n]o sales since August 1, 1963 are commissionable under any circumstances".

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

During the life of the contract, plaintiff's sales, as computed by defendant, were as follows:[1]

| | |
|---|---|
| 8/1/1963–7/31/64................... | $590,255 |
| 8/1/1964–7/31/65................... | $893,955 |
| 8/1/1965–7/31/66................... | $851,527 |
| 8/1/1966–7/31/67................... | $927,832 |
| 8/1/1967–7/31/68................. | $1,057,074 |

The transcript further showed that in November of 1964, plaintiff's annual salary was raised to $28,000. He received no further increases during the life of the contract.

At the conclusion of proofs, the trial judge found for the defendant on the grounds that the language of paragraph 8 of the contract was permissive and not mandatory; further that plaintiff, by continuing to work for defendant, had waived rights to any further compensation.

It appears to this Court that the language of the contract is clear and unambiguous. Therefore, the parol evidence admitted by the trial court need not be considered to determine the meaning of the contract. *Edoff v Hecht,* 270 Mich 689, 695–696, (1935); *New Amsterdam Casualty Co v Sokolowski,* 374 Mich 340 (1965).

It is patently clear, on the face of the contract, that defendants did not want plaintiff employed on a commission basis and set a flat salary for him. A "norm" or standard of performance of $500,000 worth of gross billings per year was contemplated by the parties and that plaintiff would perform to that standard. It is equally clear that defendants intended to reward plaintiff or act punitively against him if his production should exceed or

---

[1] It is to be noted that these figures include billings for the Detroit metropolitan area only. The transcript shows that plaintiff was paid under separate agreement for his billings in other areas of the state. Therefore, they will not be considered further in this controversy.

diminish in an amount equal to more than 10% of the "norm".

In recognition that the contract did not call for commissions, particularly as shown by the December 21st addendum, it was the succeeding year's salary which was subject to adjustment. This was to be based on the preceding year's performance.

We cannot agree with the trial judge that the language of section 8 was permissive in nature. It appears that he has placed the emphasis on the words "subject to", rather than the word "shall". "Shall" is equivalent to the word "must". *Bateman v Smith,* 183 Tenn 541; 194 SW2d 336 (1946). Black's Law Dictionary (4th ed), p 1541, states that "shall" implies a word of command, and is generally imperative or mandatory. On the other hand, the words "subject to" imply only a qualification or limitation, which must be subservient to the word "shall".

The last sentence of paragraph 8 states that:

"There shall be no increase or decrease in said salary if the percentage of increase or decrease in gross billings for such calender year period shall be less than 10 per cent (10%)."

This sentence is clearly mandatory. When it is read with the preceding sentence, it definitely fixes the succeeding year's salary adjustment, taking all contingencies into consideration.

Defendant suggests, as does the trial court, that plaintiff did not attempt to assert any rights which he may have had until he felt that defendant company might be liquidated and sold. It is claimed that when plaintiff continued his employment at the same salary it amounted to a waiver of those rights.

However, the record indicates that plaintiff peri-

odically asserted his claim. The administrative vice-president and the chief accounting officer of defendant testified that plaintiff indicated over the five-year term of the contract that substantial sums were due him. The transcript reveals that both these gentlemen, who clearly represented the management of the company, told plaintiff that sums were due him. The only question appeared to be that of the exact amount due. Under these circumstances we cannot find a waiver by the plaintiff. There appears to have been no dispute between plaintiff and his superiors that sums were due him under the contract, only the question of the exact amount.

In summary, then, we conclude that the language in paragraph 8 of the contract is mandatory. Plaintiff is entitled to his salary which accrued under paragraph 8 during the contract years. We therefore remand to the trial court for findings with respect to the amount of salary owed plaintiff by defendant, consistent with this opinion.

Reversed and remanded.

All concurred.