FRADCO, INC v DEPARTMENT OF TREASURY

Docket No. 306617. Submitted October 2, 2012, at Lansing. Decided
    October 30, 2012, at 9:05 a.m. Amended, 298 Mich App 801. Leave
    to appeal granted, 493 Mich 948.

Fradco, Inc., filed an appeal on July 28, 2010, in the Tax Tribunal,
    contesting a final assessment issued by the Department of Trea-
    sury that required Fradco to pay unpaid sales taxes, penalties, and
    interest. Despite Fradco's prior request, in accordance with MCL
    205.8, that the department send copies of all letters and notices to
    Fradco's designated representative, the final assessment had ini-
    tially been sent only to Fradco around September 16, 2009.
    Although the department had also sent a letter dated April 21,
    2010, to a Fradco representative that indicated that a final
    assessment had been issued on September 17, 2009, Fradco's
    designated representative did not receive a copy of the actual final
    assessment until July 20, 2010. The department sought summary
    disposition under MCR 2.116(C)(4), arguing that the tribunal did
    not have jurisdiction over the appeal because it had not been filed
    within 35 days of the final assessment as required by MCL
    205.22(1). The tribunal denied the motion for summary disposi-
    tion, concluding that MCL 205.8 adds a parallel notice require-
    ment whenever a taxpayer has filed a proper request that copies of
    letters and notices be sent to a designated representative and,
    therefore, the 35-day period had not begun to run until Fradco's
    designated representative received a copy of the final assessment.
    The tribunal eventually issued an order canceling the final assess-
    ment. The department appealed, contending that the tribunal
    lacked jurisdiction to hear Fradco's appeal.

    The Court of Appeals *held*:

    The Tax Tribunal properly held that it had jurisdiction to hear
Fradco's appeal.

    1. The tribunal correctly held that MCL 205.8 was applicable
and binding on the department and that MCL 205.28(1) must be
interpreted in parallel with MCL 205.8. These sections impose
parallel notice requirements whenever a taxpayer has a valid
written request on file for the department to send copies of letters
and notices to a designated representative. In such a situation, the

35-day period of MCL 205.22(1) does not begin to run until notice has been given under both MCL 205.8 and MCL 205.28(1) to the taxpayer and the taxpayer's designated representative.

2. The department, when imposing taxes under the General Sales Tax Act, MCL 205.51 *et seq.*, is required by § 9(1) of the act, MCL 205.59(1), to follow the provisions of the revenue collection act, MCL 205.1 *et seq.*, unless the provisions of the revenue collection act and the General Sales Tax Act conflict, in which event the provisions of the General Sales Tax Act apply. Because the notice statutes at issue in this case, MCL 205.8, 205.22(1), and 205.28, are part of the revenue collection act and the General Sales Tax Act does not have its own notice requirements, MCL 205.59(1) required the department to follow all those statutes.

3. A final assessment by the department is a "notice" for purposes of interpreting MCL 205.8.

4. The letter dated April 21, 2010, that the department sent to one of Fradco's representatives only gave the representative notice of the issuance of the final assessment and did not include a copy of the final assessment and, therefore, was not sufficient to satisfy the requirements of MCL 205.8 to send "a copy of" the notice. The notice of the issuance of the assessment without a copy of the assessment was not itself the "notice" required by the statute.

Affirmed.

1. TAXATION — APPEAL — LIMITATION OF ACTIONS — ASSESSMENTS — DECISIONS — ORDERS — DEPARTMENT OF TREASURY — TAX TRIBUNAL — COURT OF CLAIMS.

A taxpayer may appeal the contested portion of an assessment, decision, or order of the Department of Treasury in the Tax Tribunal within 35 days, or in the Court of Claims within 90 days, after the assessment, decision, or order; if an appeal is not filed within the relevant period, the assessment, decision, or order is final and not reviewable in any court by mandamus, appeal, or other method of direct or collateral attack (MCL 205.22[1] and [4]).

2. TAXATION — CONFLICT OF LAWS — GENERAL SALES TAX ACT — REVENUE COLLECTION ACT.

The Department of Treasury must follow the provisions of the revenue collection act, MCL 205.1 *et seq.*, when imposing taxes under the General Sales Tax Act, MCL 205.51 *et seq.*, unless the provisions of the revenue collection act and the General Sales Tax Act conflict, in which event the provisions of the General Sales Tax Act apply (MCL 205.59[1]).

3. TAXATION — LIMITATION OF ACTIONS — NOTICES AND LETTERS REGARDING DISPUTES — REPRESENTATIVES DESIGNATED BY TAXPAYERS — PARALLEL NOTICE REQUIREMENTS.

The provisions of MCL 205.8 and MCL 205.28(1) of the revenue collection act impose parallel notice requirements whenever a taxpayer has a valid written request filed with the Department of Treasury requesting that copies of letters and notices regarding a dispute with the taxpayer be sent to a representative designated by the taxpayer; if a taxpayer has filed a proper request, the department must give notice to both the taxpayer and the taxpayer's designated representative before the 35-day period within which the taxpayer may appeal the contested portion of an assessment, decision, or order of the department in the Tax Tribunal begins to run (MCL 205.22[1]).

4. TAXATION — FINAL ASSESSMENTS — WORDS AND PHRASES — NOTICE.

A final assessment by the Department of Treasury is a "notice" for purposes of the statute that requires the department to send copies of letters and notices regarding a dispute with a taxpayer to the official representative of the taxpayer whenever the taxpayer has filed with the department a valid written request for such notice; a letter that gives a representative notice that a final assessment has been issued but does not include a copy of the final assessment does not satisfy the requirement that a copy of the notice be sent to the representative (MCL 205.8).

*The Novis Law Firm, PLLC* (by *James H. Novis*), for Fradco, Inc.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Scott L. Damich* and *Amy M. Patterson*, Assistant Attorneys General, for the Department of Treasury.

Before: RONAYNE KRAUSE, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM. Respondent appeals as of right the Tax Tribunal's order canceling an assessment against petitioner. This appeal is being considered concurrently

with *SMK, LLC v Dep't of Treasury*, 298 Mich App 302; 826 NW2d 186 (2012), in which the same issue is presented for our consideration. The sole issue before us is whether the Tax Tribunal had the jurisdiction to hear petitioner's appeal of its tax assessment. We conclude that it did and affirm.

This Court's review of a Tax Tribunal decision not relating to property tax valuation or allocation must include, at a minimum, whether the decision was authorized by law and, in cases in which a hearing was required, whether the decision was supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28. When the resolution of the matter involves statutory interpretation, review de novo is appropriate. *AERC of Mich, LLC v Grand Rapids*, 266 Mich App 717, 722; 702 NW2d 692 (2005). "The purpose of statutory interpretation is to discover and give effect to the Legislature's intentions, and unambiguous statutory language should be enforced as written." *Walgreen Co v Macomb Twp*, 280 Mich App 58, 62; 760 NW2d 594 (2008). "In interpreting a statute, this Court avoids a construction that would render any part of the statute surplusage or nugatory [and] the statute must be read as a whole [with] [i]ndividual words and phrases [being] read in the context of the entire legislative scheme." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 528; 817 NW2d 548 (2012) (citations omitted).

In the instant case, an audit revealed that petitioner had understated its taxable sales. On the basis of the result of this audit, respondent confirmed that petitioner had understated its taxable sales and issued a final assessment against petitioner requiring it to pay unpaid sales taxes, penalties, and interest. Despite petitioner's request for respondent to send copies of all

letters and notices to petitioner's representative, the final assessment was initially sent only to petitioner, on or about September 16, 2009. Petitioner's representative did not receive the final assessment from respondent until July 20, 2010. Petitioner then filed its appeal in the Tax Tribunal on July 28, 2010. Rather than filing a response, respondent moved for summary disposition under MCR 2.116(C)(4), arguing that the Tax Tribunal did not have jurisdiction over the appeal because it had not been filed within 35 days of the final assessment. MCL 205.22(1).

The Tax Tribunal concluded that MCL 205.8 adds a parallel notice requirement whenever a taxpayer has filed a proper written request that copies of letters and notices be sent to a representative. The Tax Tribunal further concluded that because respondent did not initially send notice to the appointed representative of petitioner, the time for petitioner's appeal did not begin to run until petitioner's representative was notified. Thus, the Tax Tribunal determined that the appeal was timely and it had jurisdiction. After the Tax Tribunal concluded that the "source documents were well-maintained and adequate to allow the Tribunal to determine the proper sales tax due," the burden was shifted to respondent to show that the amount paid was incorrect. Because respondent failed to satisfy that burden, the Tax Tribunal cancelled the final assessment against petitioner. The correctness of the amount paid is not at issue before us at this time.

The issue before us today is when the 35-day period under MCL 205.22(1) begins to run if the taxpayer has previously filed a written request with the Treasury to send copies of all letters and notices to the taxpayer's representative. This case presents an issue of first impression because this Court has not previously con-

sidered the effect of MCL 205.8 on MCL 205.22 in a published opinion.[1] Petitioner argues that the 35-day period begins to run only once a copy of the final assessment has been received by petitioner's representative. We agree.

Under MCL 205.22(1), a taxpayer "may appeal the contested portion of [an] assessment, decision, or order to the tax tribunal within 35 days, or to the court of claims within 90 days after the assessment, decision, or order." If an appeal is not initiated during these time frames, the assessment, decision, or order "is final and is not reviewable in any court by mandamus, appeal, or other method of direct or collateral attack." MCL 205.22(4). The assessment in this case was based on the failure to pay taxes that respondent believed petitioner owed under the General Sales Tax Act, MCL 205.51 *et seq*. When imposing taxes under that act, respondent is required by MCL 205.59(1) to follow the provisions of the revenue collection act, MCL 205.1 *et seq*. Because the sections at issue—MCL 205.8, 205.22, and 205.28— are part of that act, the plain language of MCL 205.59(1) indicates that respondent is required to follow all these sections unless the provisions of the revenue collection act and the General Sales Tax Act conflict, in which event the provisions of the General Sales Tax Act apply.

---

[1] Although respondent implies that *Altman Mgt Co v Dep't of Treasury*, unpublished opinion per curiam of the Court of Appeals, issued April 10, 2001 (Docket No. 216912), p 3, should be persuasive authority in determining the outcome of the instant case, the Tax Tribunal found in *Altman* that the petitioner had not filed a valid written request that copies of letters and notices be sent to an official representative. Thus, this Court did not consider whether respondent is required to give a copy of a final assessment to a taxpayer's official representative if a request is on file, and *Altman* cannot be considered persuasive nor binding. See *Grimm v Dep't of Treasury*, 291 Mich App 140, 149 n 4; 810 NW2d 65 (2010); MCR 7.215(C)(1).

MCL 205.28(1) provides, in relevant part:

> The following conditions apply to all taxes administered under this act unless otherwise provided for in the specific tax statute:
>
> (a) Notice, if required, shall be given either by personal service or by certified mail addressed to the last known address of the taxpayer. Service upon the department may be made in the same manner."

And MCL 205.8 provides:

> If a taxpayer files with the department a written request that copies of letters and notices regarding a dispute with that taxpayer be sent to the taxpayer's official representative, the department shall send the official representative, at the address designated by the taxpayer in the written request, a copy of each letter or notice sent to that taxpayer. A taxpayer shall not designate more than 1 official representative under this section for a single dispute.

The Tax Tribunal held that MCL 205.8 provided a "more specific requirement" and that respondent was required to send all "letters and notices regarding a dispute with a taxpayer" to petitioner's representative as long as petitioner had made a proper written request.

MCL 205.8 imposes an affirmative and mandatory duty on respondent to send "copies of letters and notices regarding a dispute" to taxpayers' official representatives. See *Granger v Naegele Advertising Cos, Inc*, 46 Mich App 509, 512; 208 NW2d 575 (1973) (" 'Shall' is equivalent to the word 'must'."). However, MCL 205.8 is not the kind of other "specific tax statute" contemplated by MCL 205.28(1). By its plain terms, MCL 205.28(1) applies to "this act," of which MCL 205.8 is a part. The proper interpretation of the statute is that the reference in MCL 205.28(1) is to *other* discrete statutes that themselves impose a tax, such as the General Property Tax Act, MCL 211.1 *et seq.*; the

Income Tax Act, MCL 206.1 *et seq*.; or the Use Tax Act, MCL 205.91 *et seq*. The Tax Tribunal's interpretation of the statute would expand this reference to the entire set of Michigan tax statutes, rather than any particular notice requirements specific to each individual tax statute. Notably, the General Sales Tax Act, under which the taxes here were allegedly owed, does not have its own notice requirements. Nevertheless, as noted, the Tax Tribunal correctly held that MCL 205.8 was applicable and binding, and MCL 205.28 must be interpreted in parallel with MCL 205.8 whenever a taxpayer files a valid written notice designating an official representative.

Respondent argues that the Legislature would have specifically referred to MCL 205.28 in MCL 205.8 if it had intended to elevate the level of notice required. Respondent's interpretation would require us to undermine the plain language of a statute on the basis of an impermissible guess at the Legislature's intent. Statutory interpretation requires an holistic approach. *Robinson v City of Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010). A provision that may seem ambiguous in isolation often is clarified by the remainder of the statutory scheme. *Id*. It is a tenet of statutory interpretation that "[c]onflicting provisions of a statute must be read together to produce an harmonious whole and to reconcile any inconsistencies wherever possible." *World Book, Inc v Dep't of Treasury*, 459 Mich 403, 416; 590 NW2d 293 (1999). In reading the provisions of MCL 205.8 and MCL 205.28(1) together, it is clear that these sections should be interpreted as imposing parallel notice requirements whenever a taxpayer has a valid written request on file for respondent to send copies to an official representative. This interpretation gives meaning to both statutory sections' plain language and produces "an harmonious whole." *World Book*, 459

Mich at 416. Thus, the 35-day period of MCL 205.22(1) does not begin to run until notice has been given under both MCL 205.8 and MCL 205.28(1).

Respondent finally argues that a final assessment is not a letter or notice, thus avoiding application of MCL 205.8 to these proceedings. "Notice" is defined as "[l]egal notification required by law or agreement, or imparted by operation of law as a result of some fact[.]" Black's Law Dictionary (9th ed). Respondent defines the final assessments as final bills for taxes due, but however respondent wishes to describe them, they nevertheless function as legal notifications to taxpayers that taxes are due. It was previously the practice of respondent to use the phrasing "notice of final assessment" when it issued assessments. *Livingstone v Dep't of Treasury*, 434 Mich 771, 826; 456 NW2d 684 (1990) (opinion by LEVIN, J.); *Stackpoole v Dep't of Treasury*, 194 Mich App 112, 114; 486 NW2d 322 (1992); *Dow Chem Co v Dep't of Treasury*, 185 Mich App 458, 461-462; 462 NW2d 765 (1990). Furthermore, the plain language of MCL 205.28 uses the word "notice" to refer to final assessments. Thus, a final assessment is a "notice" for the purposes of interpreting MCL 205.8, and that statute imposes a duty on respondent to send a copy of that notice to a petitioner's official representative.

Although respondent sent a letter dated April 21, 2010, to one of petitioner's representatives that indicated a final assessment was issued on September 17, 2009, this letter only gave the representative notice of the *issuance* of the final assessment. The letter itself was not the final assessment, and the plain language of MCL 205.8 requires respondent to send "a copy of" the notice, i.e., the final assessment, not just notice of it. Or, put another way, notice of the notice is not itself the

"notice" contemplated by statute. Thus, the letter did not satisfy the requirements under MCL 205.8.

We conclude that MCL 205.8 must be interpreted in tandem with MCL 205.28(1) as creating parallel notice requirements. If a taxpayer has filed a proper written notice that designates an official representative, then respondent must give notice to both the taxpayer and the taxpayer's representative before the 35-day period under MCL 205.22(1) begins to run. Because petitioner filed its appeal within 35 days after its representative received notice from respondent, the Tax Tribunal had jurisdiction to hear petitioner's appeal. Therefore, we affirm.

RONAYNE KRAUSE, P.J., and BORRELLO and RIORDAN, JJ., concurred.