*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TECUMSEH PUBLIC SCHOOLS,

      Appellant,

v

DEPARTMENT OF EDUCATION and
SUPERINTENDENT OF PUBLIC INSTRUCTION,

      Appellees.

UNPUBLISHED
August 25, 2022

No. 356292
Ingham Circuit Court
LC No. 19-000939-AA

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

Plaintiff, Tecumseh Public Schools (the District), appeals by leave granted the circuit court's order dismissing its administrative appeal from the final decision of defendant Superintendent of Public Instruction, which opined that defendant Department of Education (the Department) properly withheld school aid on the basis that the District improperly employed a principal. We reverse and remand.

## I. FACTUAL BACKGROUND

In 1997, the District hired Carl Lewandowski as a district principal. Lewandowski served in that position until he resigned in 2019. At the time Lewandowski was hired as a district principal, MCL 380.1246 provided:

(1) A school district, public school academy, or intermediate school district shall not employ a person as a superintendent, principal, assistant principal, or other person whose primary responsibility is administering instructional programs or as a chief business official unless the person has completed the continuing education requirements prescribed by state board rule under subsection (2).

(2) The state board shall promulgate rules establishing continuing education requirements as a condition for continued employment for persons employed in positions described in subsection (1). The rules shall prescribe a

-1-

minimum amount of continuing education to be completed within a 5-year period. [1995 PA 289, effective July 1, 1996.]

The above statute was amended, in relevant part, by 2009 PA 205, effective January 4, 2010, to read as follows:

> (1) A school district, public school academy, or intermediate school district shall not continue to employ a person as a superintendent, principal, assistant principal, or other person whose primary responsibility is administering instructional programs or as a chief business official unless the person meets 1 or more of the following requirements, as applicable:

> (a) For a superintendent, principal, assistant principal, or other person whose primary responsibility is administering instructional programs, or a chief business official, who was employed as a school administrator in this state on or before the effective date of the amendatory act that added this subdivision, has completed the continuing education requirements prescribed by rule under subsection (2).

> (b) Subject to [provisions not relevant to this appeal], for a superintendent, principal, assistant principal, or other person whose primary responsibility is administering instructional programs and who is initially employed as a school administrator in this state after the effective date of the amendatory act that added this subdivision, possesses a valid Michigan school administrator's certificate issued under section 1536.

> (2) The superintendent of public instruction shall promulgate rules establishing continuing education requirements as a condition for continued employment for persons described in subsection (1)(a). The rules shall prescribe a minimum amount of continuing education that shall be completed within 5 years after initial employment and shall be completed each subsequent 5-year period to meet the requirements of subsection (1)(a) for continued employment.

Furthermore, MCL 388.1763 provides, in relevant part, that a school district may not employ a principal who does not meet the requirements of MCL 380.1246; and it provides that if a school district does so, the district's school aid will be reduced by the amount of money paid to such a principal.

Meanwhile, the Department had originally promulgated Administrative Rule 380.102 in 1988. At the time Lewandowski was hired, it was entitled "Persons eligible to hold certificates," and it provided:

> Rule 2. A person who has completed a state-board approved administrator preparation program may be issued an administrator's certificate and basic endorsement as determined by the state board in any of the following:

> (a) A central office administrator.

-2-

(b) A principal.

(c) An assistant principal.  [2008 MR 9, effective May 9, 2008.]

Following the enactment of 2009 PA 205, Rule 380.102 was re-titled "Persons eligible to hold administrator certificates," and it was amended to read as follows:

> Rule 2.  A person who has completed a state-board approved administrator preparation program or an approved administrator alternate route program may be issued an administrator's certificate and basic endorsement as determined by the superintendent of public instruction under section 1536 of 1976 PA 451, MCL 380.1536 in any of the following:
>
> (a) A central office administrator.
>
> (b) A principal.
>
> (c) An assistant principal.  [2012 MR 6, effective March 19, 2012.]

In 2011, the Department issued guidance stating, in relevant part, that "[i]f employed as a school administrator before January 4, 2010, and the person has completed the continuing education requirements, he or she is not required to hold administrator certification."  Michigan Department of Education *Clarification of Administrator Certification for Assistant Superintendents*, October 31, 2011.[1]

However, a few years later, the Department amended Rule 380.102 further, re-titling it "Certificate and permit requirements for school administrators," and amending it to read as follows:

> Rule 2.  (1) The following school administrator certificates may be issued under these rules:
>
> (a) School administrator (1246(1)(a)) certificate.
>
> (b) School administrator (1246(1)(b)) certificate.
>
> (2) An individual who was employed by a school district in this state on or before January 4, 2010, as a superintendent, principal, assistant principal, other person whose primary responsibility was administering instructional programs, or chief business official must hold a school administrator (1246(1)(a)) certificate under R 380.103.
>
> (3) An individual who was initially employed by a school district in this state after January 4, 2010, as a superintendent, principal, assistant principal, or other person whose primary responsibility is administering instructional programs

---

[1] See < https://www.msbo.org/sites/default/files/clarification_memo.pdf >.

must hold a valid Michigan school administrator (1246(1)(b)) certificate with the appropriate PK-12 building or central office endorsement under R 380.104, R 380.105, or R 380.106.

(4) A school district that employs a superintendent, principal, assistant principal, or other person whose primary responsibility is administering instructional programs who does not hold a valid school administrator certificate with the appropriate endorsement under these rules must obtain a full-year school administrator substitute permit under R 380.116. [2017 MR 21, effective November 15, 2017.[2]]

As of the 2017 amendments, Rule 380.103 provided, in relevant part, that the superintendent

shall issue a school administrator (1246(1)(a)) certificate to an individual who was employed by a school district in this state on or before January 4, 2010, as a . . . assistant principal . . . if, during the 5-year period immediately preceding the issuance of the certificate, the individual completed any combination of education-related professional learning hours, as defined in R 380.101, totaling 150 hours. [2017 MR 21, effective November 15, 2017.[3]]

A significant issue in this matter is whether the 2017 version of Rule 380.102 exceeded the Department's rulemaking authority.

On March 8, 2018, the Department issued a memorandum reciting, in relevant part, that pursuant to the current version of MCL 380.1246, the Legislature had "recognized three categories of school administrators for certification purposes," the first of which was individuals employed prior to January 4, 2010. Those individuals were required to "complete continuing education requirements." It stated that the Department had amended Rule 380.102 to describe a "new '1246(1)(a) certificate' that is given to individuals who are in the first" category. The memo explained that "[i]ssuance of a '1246(1)(a) certificate' enables the Department of Education to track the statutorily required continuing education hours of individuals who are in the first category." Michigan Department of Education *Memorandum re School Administrator Certification and Chief Business Officials*, March 8, 2018.[4] On June 28, 2018, the Department issued another memorandum expressly stating that "[b]eginning September 1, 2018, all School Administrators must have a Michigan School Administrator Certificate or a Michigan School Administrator Permit before employment." It further explained that administrators who were " 'Grand-Parented' Under MCL 380.1246(2)" were required to "obtain an Experience-Based

---

[2] In 2019, Rule 380.102 was further amended in largely non-substantive ways, and the 2019 version is not pertinent to this appeal.

[3] In 2019, Rule 380.103 was likewise further amended in ways not at issue in this appeal.

[4] See < https://www.michigan.gov/documents/mde/SAC_SBO_616769_7.pdf >.

School Administrator Certificate prior to placement or to continue employment." Michigan Department of Education *Memorandum re School Administrator Certification*, June 28, 2018.[5]

On January 14, 2019, Lewandowski submitted an application to the Department for a school administrator certificate. However, part of the "Administrator Experience-Based Verification" form required Lewandowski's employer to verify the date of his initial employment, and that verification was not provided until March 1, 2019. The Department issued Lewandowski a School Administrator Certificate on April 8, 2019. Nevertheless, on April 22, 2019, the Department informed the District's Director that the District's employment of Lewandowski violated MCL 388.1763, because "Lewandowski worked as a School Principal in the academic year 2018-19 without a valid certificate or permit as required by MCL 380.1246." The Department stated that Lewandowski was "required to hold a valid Michigan School Administrator Certificate or valid Michigan School Administrator Permit as of September 1, 2018." Accordingly, the Department deducted $67,767.79 from the District's state aid, representing Lewandowski's salary for the period during which Lewandowski had been employed but out of compliance.

The District responded by seeking review of the deduction. The District generally argued that Lewandowski could not be required to hold an administrator certificate, because he had been continuously employed as a principal since 1997 and therefore was only required to meet continuing-education requirements. The District further argued that the Department had improperly promulgated rules in conflict with MCL 380.1246. The District contended that the state aid had been impermissibly deducted because Lewandowski lacked a certificate required by an administrative rule, rather than because he did not meet the continuing-education requirements required by statute. The Superintendent rejected the District's challenges, reasoning that because administrative rules have the force of law, and the Department was bound by its own rules, any challenge to the validity of Rule 380.102 must be made in the circuit court. Therefore, Lewandowski was required to hold a school administrator certificate, and because "he did not submit the documents necessary to support his application until April 2019," he did not hold a certificate for much of the 2018-2019 school year, and the state aid penalty was appropriate. The Superintendent upheld the assessment, although he reduced the amount to correct an error in the original deduction's arithmetic.

The District appealed the Superintendent's administrative decision to the circuit court. The circuit court, after reviewing the background facts, generally concluded that the Department had not exceeded its rulemaking authority by promulgating a rule to set forth how the continuing education requirements required by statute should be met. It concluded that "[b]ecause Lewandowski did not complete 150 hours of continuing education in the 5 years prior, the plain language of MCL 380.1246(1) precludes his employment." It further explained that "Lewandowski did not meet the requirements of MCL 380.1246 because he failed to offer any documentation of the 150 hours of continuing education he claims to have completed," so the Department correctly found the District in violation of MCL 388.1763. The circuit court found Rule 380.102 was not arbitrary and capricious, and it also concluded that the Superintendent had

---

[5] See < https://www.michigan.gov/documents/mde/School_Admin_Cert_626501_7.pdf >.

properly entertained the District's arguments even if the Superintendent did not explicitly address all of them. The District applied for leave to appeal to this Court, and this Court granted leave to appeal.[6]

## II. STANDARDS OF REVIEW

"When reviewing a lower court's review of agency action this Court must determine whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Henderson v Civil Serv Comm*, 321 Mich App 25, 37; 913 NW2d 665 (2017) (quotation and alteration omitted). When determining whether an agency's decision was authorized by law, this Court reviews de novo issues of statutory interpretation. *SMK, LLC v Dep't of Treasury*, 298 Mich App 302, 304-305; 826 NW2d 186 (2012). Administrative rules are interpreted in the same manner as are statutes. *Soap & Detergent Ass'n v Natural Resources Comm*, 415 Mich 728, 756-757; 330 NW2d 346 (1982). Unambiguous language must simply be applied as it is written. *Veenstra v Washtenaw Country Club*, 466 Mich 155, 159-160; 645 NW2d 643 (2002). Statutes must be read as a whole, individual words or phrases must be considered in context, and no part of the statute should be rendered surplusage or nugatory. *Michigan Properties, LLC v Meridian Twp*, 491 Mich 518, 528; 817 NW2d 548 (2012).

## III. CONTINUING EDUCATION REQUIREMENTS

We note as an initial matter that the trial court clearly erred in holding that Lewandowski failed to provide evidence that he satisfied the requirement of completing 150 hours of continuing education. An agency may promulgate rules prescribing procedures for contested cases. MCL 24.233(3). Administrative rules have "the force and effect of law." *Detroit Base Coalition for Human Rights of Handicapped v Dep't of Social Servs*, 431 Mich 172, 177; 428 NW2d 335 (1988). Pursuant to the Superintendent's rules of procedure, Rule 349.291(5) provides,

> When a hearing is requested, the party requesting the hearing shall submit in writing a fair and accurate statement of the facts to the superintendent of public instruction and all interested parties. The facts shall be accepted as evidence unless a written answer is filed denying said facts and stating new facts relied upon with the superintendent of public instruction and all interested parties.

In its statement to the Superintendent, the District stated that Lewandowski *had* met the continuing-education requirements; rather, his application for a certificate was merely tardy. The Department never disputed the District's statement in this regard. Furthermore, the Department issued a certificate to Lewandowski promptly after the application was completed, so presumably the Department was satisfied that Lewandowski completed the requisite number of hours of continuing education. Accordingly, the Superintendent and the circuit court were both required to

---

[6] *Tecumseh Public Schools v Dep't of Education*, unpublished order of the Court of Appeals, entered May 27, 2021 (Docket No. 356292).

accept as true the undisputed (and necessarily inferable) fact that Lewandowski had actually satisfied the statutory continuing-education requirements.

## IV. CERTIFICATE REQUIREMENTS

The Department correctly observes that MCL 380.1246 creates multiple classes of school administrators, one of which is "grandfathered" under MCL 380.1246(1)(a), and another of which is required by MCL 380.1246(1)(b) to obtain an administrator certificate issued pursuant to MCL 380.1536. The Department's position is, essentially, that Rule 380.102 does not contravene the statute, because it does not require "grandfathered" school administrators to obtain the specific kind of certificate that would be issued under MCL 380.1536. Rather, the Department's "Experience-Based Administrator Certificate" is merely a vehicle for keeping track of the continuing-education requirements that are imposed by MCL 380.1246(1)(a).

In principle, it is unlikely to be arbitrary and capricious for the Department to promulgate some mechanism for keeping track of whether a school administrator has completed the statutorily-required continuing-education requirements. However, if an administrator *has* completed the continuing-education requirements, then by statute, the administrator *is* in compliance with MCL 380.1246(1)(a). In turn, a district *is not* in violation of MCL 388.1763 for employing an administrator who has actually completed the continuing-education requirements. Importantly, the issuance of Lewandowski's certificate in this matter was clearly premised upon bureaucratically verifying the date of his employment, not upon whether he had complied with the continuing-education requirements. The plain language of the statute establishes that the propriety of a "grandfathered" administrator's employment must turn on *actual* completion of an *amount of continuing education*, no more. In other words, irrespective of when the Department formally verified that Lewandowski completed the requisite number of hours of continuing education, Lewandowski was qualified under the statute to serve as a school administrator immediately upon his actual completion of those hours of continuing education.

To reiterate, we are not troubled by the Department establishing a process for verifying completion of continuing-education requirements. Furthermore, it does not matter whether the Department calls it a "certificate" or something else, because we are concerned with the substance of that process rather than its label. See *In re Traub Estate*, 354 Mich 263, 278-279; 92 NW2d 480 (1958); *Wilcox v Moore*, 354 Mich 499, 504; 93 NW2d 288 (1958). What the Department cannot do is conflate the formalities of verification with the administrator's *actual completion* of the requisite hours of continuing education. That is precisely what the Department did in this matter: contrary to the plain language of the applicable statutes, the Department deemed Lewandowski in violation of MCL 380.1246 and the District in violation of MCL 388.1763 for a tardy completion of the verification process rather than for any actual failure by Lewandowski to satisfy his statutory burdens. The Department acted in violation of the law.

## V. RULEMAKING AUTHORITY

The above discussion establishes that plaintiff is entitled to reversal of the state aid deduction penalty pursuant to the Department's conduct. However, without further discussion, it may generate confusion about whether Rules 380.102 and 380.103 are, considered in the abstract, proper. "An agency's legislative rule may be determined to be invalid when the rule goes beyond

the parameters of the enabling statute, when the rule does not comply with the legislative intent underlying the enabling statute, or when the rule is arbitrary or capricious." *Brightmoore Gardens, LLC v Marijuana Regulatory Agency*, 337 Mich App 149, 161; 975 NW2d 52 (2021). When considered in isolation, we do not find Rules 380.102 and 380.103 invalid.

The Legislature expressly granted the Department rulemaking authority to "promulgate rules establishing continuing education requirements as a condition for continued employment" for "grandfathered" school administrators. MCL 30.1246(2). As alluded to above, it seems obvious that the Department would need to establish a process for tracking administrators' actual completion of those continuing education requirements. Rules 380.102 and 380.103 appear to establish such a process: very generally, a certificate will be issued to a "grandfathered" school administrator who has completed 150 hours of continuing education within the preceding five years, and a "grandfathered" school administrator must hold such a certificate. In the abstract, that is not an obviously-unreasonable process, nor is it obviously not in keeping with the letter and the spirit of the law.

The Department's violation in this matter was, as discussed, its failure to recognize that Lewandowski and the District were not in violation of the statute merely because they were in violation of the certificate requirement. Rules 380.102 and 380.103 may be proper when used as tools to verify compliance with an administrator's statutory obligations. We do not find that the Department exceeded its rulemaking authority. Rather, the Department exceeded its authority and contravened its enabling statutes by effectively using compliance with the certificate requirement as a substitute for the statutory requirements. We recognize our holding leaves open the question of what sanction, if any, the Department may permissibly impose for a violation of its certificate requirements; because that question is not before us, we express no view as to its answer. We hold only that because Lewandowski actually completed the continuing-education requirements imposed by MCL 380.1246, the Superintendent's decision that the District violated 388.1763 was not authorized by law.

We therefore reverse the trial court, and we remand for entry of an order reversing the Superintendent's assessment of a state aid penalty against the District. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Amy Ronayne Krause
/s/ Kristina Robinson Garrett

-8-