*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROLAND TINDLE, D.O.,

        Plaintiff-Appellee,

v

LEGEND HEALTH, PLLC, and
COMPLETE CARE CENTER, PC,

        Defendants-Appellants.

FOR PUBLICATION
April 20, 2023
9:15 a.m.

No. 360861
Oakland Circuit Court
LC No. 2021-190848-CB

Before: CAVANAGH, P.J., and BOONSTRA and RIORDAN, JJ.

RIORDAN, J.

In this breach-of-contract case, defendants appeal as of right the order denying their motion to set aside the default judgment and denying reconsideration under MCR 2.603(D)(1) and MCR 2.612(C). We reverse in part and remand to the trial court for further proceedings.

## I. FACTS

Plaintiff Roland Tindle, D.O., filed its breach-of-contract claim against Legend Health, PLLC, ("Legend Health") and Complete Care Center, PC, ("Complete Care") based upon a Stock Purchase and Sales Agreement ("sales agreement") plaintiff entered with Legend Health to sell his medical practice, Complete Care, to Legend Health. In his complaint, plaintiff alleged that defendants owed him a total of $248,601.26 under the sales agreement. Plaintiff claimed that he served a copy of the summons and complaint on defendants under the applicable court rule through a process server and by registered mail. Defendants did not respond to the action. Plaintiff requested that the clerk of the court enter a default judgment, and he certified to the clerk that he served copies of the request to enter default on defendants via first-class mail. Plaintiff then moved for entry of default judgment and, following a hearing on the motion, the trial court entered default judgment against defendants. Defendants moved the trial court to set aside the default judgment under MCR 2.603(D)(1) and MCR 2.612(C), which plaintiff opposed. The trial court waived oral argument and denied defendants' motion for a lack of merit on the grounds presented. This appeal followed.

## II. DISCUSSION

-1-

Defendants argue that the trial court erred by denying their motion to set aside the default judgment under MCR 2.603(D)(1) as they had established good cause and a meritorious defense. They also argue that the trial court erred by denying their motion for reconsideration under MCR 2.612(C)(1)(a) as they were caught by surprise by the impending action and the entry of a default judgment and as a result had no time to prepare a defense in response thereto.

## A. STANDARD OF REVIEW

"Review of a trial court's decision on a motion to set aside a default or a default judgment is for a clear abuse of discretion." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). This Court also reviews for an abuse of discretion a trial court's denial of reconsideration. See *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian*, 477 Mich at 12. "[T]he policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Alken-Ziegler*, *Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). To the extent that this review requires "[t]he construction and interpretation of court rule[s]," this Court applies a de novo standard of review. *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 642; 617 NW2d 373 (2000).

## B. ANALYSIS

### 1. MCR 2.603(D)(1)

Defendants first argue that the trial court abused its discretion when it denied their motion to set aside the default judgment under MCR 2.603(D)(1). We agree in part. MCR 2.603(D)(1) states: "A motion to set aside a default or a default judgment . . . shall be granted only if good cause is shown and a statement of facts showing a meritorious defense . . . is filed." We have explained that "the 'good cause' and 'meritorious defense' requirements of MCR 2.603(D)(1) are analytically different concepts and that a party must show both in order to prevail on a motion to set aside a default judgment." *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 653; 617 NW2d 373 (2000). "[T]he burden of demonstrating good cause and a meritorious defense to set aside the default [falls] on defendant[s]." *Saffian*, 477 Mich at 15.[1]

---

[1] The concurrence in part, and dissent in part reasons that the trial court never obtained personal jurisdiction over defendants, so MCR 2.603(D)(1) is inapplicable. Instead, the concurrence in part, and dissent in part concludes, the default judgment against both defendants should be set aside under MCR 2.612(C)(1)(d), which applies when "[t]he judgment is void."

However, defendants did not cite to MCR 2.612(C)(1)(d) in their motion to set aside the default judgment or their brief on appeal. Nor did defendants argue in either filing that the trial court lacked personal jurisdiction, other than to suggest in passing that the failure to comply with the court rules governing service of process deprived the court of personal jurisdiction. Possibly, defendants' failure to argue personal jurisdiction was due to the fact that Syed Ali Karim, the

## a. GOOD CAUSE

Defendants claim that they have established good cause because plaintiff's service of the summons and complaint to defendants was deficient. We have held that good cause can be shown by: "(1) a substantial procedural defect or irregularity or (2) a reasonable excuse for the failure to comply with the requirements that created the default." *Saffian v Simmons*, 267 Mich App 297, 301-302; 704 NW2d 722 (2005), aff'd 477 Mich 8 (2007). Among the factors for a trial court to consider when making a finding on whether the defendant established good cause to set aside a default judgment is "whether there was defective process or notice." *Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008). Therefore, if defendants establish that plaintiff failed to properly serve them, they have satisfied this prong of MCR 2.603(D)(1).[2]

Methods of proper service are listed in MCR 2.105 according to the "corporate nature of the defendant." *Bullington v Corbell*, 293 Mich App 549, 556; 809 NW2d 657 (2011). In *Bullington*, this Court stated:

> The methods described in the rule are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances. Compliance with the court rules fulfills the constitutional requirement of notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [*Id*. (quotation marks and citations omitted).]

Defendants argue that plaintiff failed to comply with MCR 2.105(H)(2) and MCR 2.105(D)(2). Legend Health is a professional limited-liability company. To satisfy proper service to Legend Health, plaintiff was required to serve a copy of the summons and complaint under MCR 2.105(H). In relevant part, MCR 2.105(H) states:

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;

> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and

---

general manager of Legend Health, was present at the hearing on plaintiff's motion for entry of default judgment and explained to the trial court on the record that he had only recently learned of the proceedings and had not received all of the relevant documents. Whether the presence and conduct of Karim at the hearing constituted an "appearance" that waived challenge to personal jurisdiction is a nuanced question that need not be addressed here, see *Ragnone v Wirsing*, 141 Mich App 263, 265; 367 NW2d 369 (1985). Under the circumstances before us, the more prudent course of action is to limit our analysis to the specific argument raised by defendants.

[2] *Shawl* provides that its factors are not "intended to be exhaustive or exclusive." *Shawl*, 280 Mich App at 239. However, our Supreme Court has indicated that the failure to serve process is itself sufficient to warrant setting aside a default judgment. See *CR Mechanical, Inc v Temp-San Corp, Inc*, 394 Mich 102, 102-103; 228 NW2d 784 (1975).

sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.

In turn, premised on defendant Complete Care, PC's "corporate nature" as a professional corporation, plaintiff was required to serve Complete Care in compliance with MCR 2.105(D), which states in relevant part, that service is effected by:

(1) serving a summons and a copy of the complaint on an officer or the resident agent;

(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

As to defendant Legend Health, plaintiff contends that he served the limited-liability company via his process server in accordance with MCR 2.105(H)(2). Central to the issue of whether service was made according to the court rules is dependent on the meaning of the term "person in charge of an office." On one hand, a "person in charge of an office" could mean a person responsible for interim tasks such as answering phone calls, being responsive to persons who enter the office, and other tasks related to the practical functions of an office. On the other hand, a "person in charge of an office" might mean a person with authority and responsibility to make decisions on behalf of the office. Plaintiff urges that Malone is a "person in charge of an office" because she was alone in the office when the process server handed her a copy of the summons and complaint. Plaintiff's rationale suggests that his interpretation of the term is the former, i.e., a person who is responsible for interim tasks. Defendants argue to the contrary. They state that Malone is not a "person in charge of an office" because she is a medical assistant and, presumably, had no authority in managing any meaningful function.

The trial court denied defendants' motion to set aside the default judgment "for a lack of merit on the grounds presented." Because the trial court did not provide further explanation on its finding and waived oral argument, there is no record of the trial court's reasoning. However, we may infer that the trial court possibly assumed that a "person in charge of an office" could include Malone.

"The rules of statutory construction apply to the construction of court rules." *Hill v L F Transp, Inc*, 277 Mich App 500, 507; 746 NW2d 118 (2008). "Statutory interpretation requires an holistic approach. A provision that may seem ambiguous in isolation often is clarified by the remainder of the statutory scheme." *SMK, LLC v Dep't of Treasury*, 298 Mich App 302, 309; 826 NW2d 186 (2012), aff'd in part and vacated in part on other grounds *Fradco, Inc v Dep't of Treasury*, 495 Mich 104; 845 NW2d 81 (2014) (citations omitted).

The doctrine of *noscitur a sociis* is a helpful guide in determining the meaning of "person in charge of an office" in this court rule. "This doctrine is premised on the notion that the meaning of statutory language, plain or not, depends on context." *Griffith ex rel Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 533; 697 NW2d 895 (2005) (quotation marks and citation omitted). This context is provided by the words that "precede and those which follow" the phrase. *Id.*

(quotation marks and citation omitted). Also, interpreting the meaning of a term derives from the principle that "words grouped in a list should be given related meaning." *Id*. (quotation marks and citation omitted).

Applying MCR 2.105(H)(2) to Legend Health, the term "person in charge of an office" is preceded by the term "member." In addition, MCR 2.105(H)(1) lists the terms "managing member, the non-member manager, or the resident agent." Read holistically, the meaning of MCR 2.105(H)(2) is best understood from the context of the words in MCR 2.105(H)(1). See *SMK, LLC*, 298 Mich App at 309. This suggests that the term "person in charge of an office" is one who has a level of authority to make decisions on behalf of an entity. Similarly, in MCR 2.105(D)(2), as applicable to Complete Care, the term "person in charge of an office" is preceded by the terms "director" and "trustee." Moreover, MCR 2.105(E)(1) includes the term "person in charge of an office," and it is preceded by the terms "officer, director, trustee, [and] agent." Put in the context of these words, we conclude that the term "person in charge of an office" refers to a person with some authority to make decisions on behalf of an office of an entity.

Applied here, a medical assistant, regardless of whether she was alone at the office, generally is not one with authority to make decisions on behalf of the defendant corporation. While there may be a dispute as to whether Malone is a medical assistant of both Legend Health and Complete Care, or just Complete Care, it is undisputed that Malone is a medical assistant. Therefore, because a "person in charge of an office" is one with some authority to make decisions on behalf of an office, plaintiff's service of process through Malone to defendants is deficient.

Further, under the second part of MCR 2.105(H)(2), plaintiff also is required to send the "summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company." According to the Department of Licensing and Regulatory Affairs, ("LARA"), the registered office of Legend Health is 8679 26 Mile Road, Suite 319, Washington, Michigan. Plaintiff mailed a copy of the summons and complaint to Legend Health at 8401 Holly Road, Grand Blanc, Michigan. This address is not the registered address of Legend Health. Therefore, plaintiff failed to properly comply with the court rule requirements.

MCR 2.105(D)(2) contains similar language requiring plaintiff to send a copy of the "summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation." MCR 2.105(D)(2). The United States Supreme Court has defined "principal place of business" as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp v Friend*, 559 US 77, 92-93; 130 S Ct 1181; 175 L Ed 2d 1029 (2010). According to LARA, the address of Complete Care's corporate officers is 8401 Holly Road, Grand Blanc, Michigan. While plaintiff mailed a copy of the summons and complaint to Complete Care's principal office as required by the court rule, because Malone is not a "person in charge of an office," plaintiff did not properly serve defendants.

As such, defendants have established good cause to set aside the default judgment. However, this satisfies only one prong of MCR 6.03(D)(1) as defendants must also establish they have a meritorious defense to plaintiff's allegations.

b. MERITORIOUS DEFENSE

To establish a meritorious defense, MCR 2.603(D)(1) requires defendants to execute an affidavit in support of their proposed meritorious defense. We have stated:

> [This rule] requires an affidavit of facts establishing a meritorious defense. The purpose of an affidavit of meritorious defense is to inform the trial court whether the defaulted defendant has a meritorious defense to the action. Such an affidavit requires the affiant to have personal knowledge of the facts, state admissible facts with particularity, and show that the affiant can testify competently to the facts set forth in the affidavit. [*Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 392; 808 NW2d 511 (2011) (citations omitted).]

In *Shawl*, we provided a nonexhaustive list of factors a trial court should consider in deciding whether defendants have a meritorious defense:

> [T]he trial court should consider whether the affidavit contains evidence that: (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement; (2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or (3) the plaintiff's claim rests on evidence that is inadmissible. [*Shawl*, 280 Mich App at 238 (cleaned up).]

Per the court rule, defendants filed the affidavit of resident agent Ali Karim[3] in support of their motion to set aside the default judgment.

In support of its meritorious defense contention, Legend Health specifically claims that plaintiff cannot bring a breach-of-contract claim against it because plaintiff was the first party to breach the contract. Legend Health is correct that "[u]nder Michigan law, one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform. This general rule is qualified, however, by the requirement that the initial breach is *substantial*." *Skaates v Kayser*, 333 Mich App 61, 80; 959 NW2d 33 (2020) (quotation marks and citations omitted). Our Supreme Court has stated that a substantial breach:

> can be found only in cases where the breach has effected such a change in essential operative elements of the contract that further performance by the other party is thereby rendered ineffective or impossible, such as the causing of a complete failure of consideration or the prevention of further performance by the other party. [*McCarty v Mercury Metalcraft Co*, 372 Mich 567, 574; 127 NW2d 340 (1964) (citations omitted).]

Furthermore, "[o]ne consideration in determining whether a breach is material is whether the nonbreaching party obtained the benefit which he or she reasonably expected to receive." *Holtzlander v Brownell*, 182 Mich App 716, 722; 453 NW2d 295 (1990).

In accordance with MCR 2.603(D)(1), Legend Health's manager, Karim, averred in his affidavit to particular facts to support a meritorious defense, including: (1) during discussion

---

[3] Also known as Syed Ali Karim. He also serves as the general manager of Legend Health.

before execution of the sales agreement, plaintiff provided financial information related to Complete Care; (2) Legend Health relied on that financial information in making a decision on the price it would pay to purchase of Complete Care and its ultimate decision to enter into the sales agreement; (3) plaintiff failed to disclose the existence of the Small Business Administration (SBA) loan and lien on Complete Care's assets; and (4) when Karim asked about the SBA loan after execution of the agreement, plaintiff stated only he was subject to the loan and not Complete Care. Although these facts present their own set of questions such as to when and how, after signing the sales agreement, Legend Health learned of the SBA loan, if the facts proffered are proven, Karim's affidavit supports Legend Health's claim that plaintiff breached his duty to give Legend Health access to all information relevant to its purchase of Complete Care as required by section 5.03 of the sales agreement.

However, the question remains whether the affidavit supports a claim that plaintiff's alleged breach-of-contract was substantial. *Skaates*, 333 Mich App at 80. In his affidavit, Karim states two facts that may establish that the breach, if proven, is substantial: (1) "If Plaintiff had disclosed the existence of [the loan] prior to the execution of the Agreement such disclosure would have significantly reduced the amounts Legend Health would have paid [for the purchase of Complete Care], or more likely would have resulted in the transaction not going forward at all." Secondly, that under the SBA loan agreement, plaintiff was prohibited from transferring the assets of Complete Care without the prior authorization of the SBA, and there is no evidence he received this authorization. These facts, if proven, suggest that Legend Health did not receive the benefit it expected to receive as it was under the assumption the purchase price adequately reflected the financial condition of Complete Care and that the assets of Complete Care were not subject to an SBA loan lien. Therefore, under MCR 2.603(D)(1), Legend Health presents sufficient facts in its affidavit to support its meritorious defense which arguably would afford it a defense against plaintiff's claim. *Bullington*, 293 Mich App at 560.

Complete Care also contends that it has a meritorious defense. Namely, under MCR 2.116(C)(8), plaintiff has failed to state a claim against Complete Care because Complete Care does not have any contractual obligations under the sales agreement.[4] As noted, to establish entitlement to relief under MCR 2.603(D)(1), defendants must state a meritorious defense supported by an affidavit that presents facts with sufficient particularly, and personal knowledge, to support the defense. *Huntington Nat'l Bank*, 292 Mich App at 392. Although defendants presented the affidavit of Karim to support a meritorious defense for both Legend Health and Complete Care, the affidavit lacks any particular facts about Complete Care's proffered defense. In the affidavit, Karim stated that Legend Health and plaintiff entered into an agreement to purchase Complete Care. This statement implies that Complete Care is part of the sales agreement,

---

[4] A court may grant a motion for summary disposition under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted." In *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019), our Supreme Court stated: "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *Id*. "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. at 160.

although it stands in a different position than Legend Health or plaintiff. Namely, Complete Care is the entity that was the subject of the sales agreement rather than a party under any contractual obligations. Although this may be true and strongly hints that Complete Care may have a valid defense, relevant caselaw states that the affidavit that provides factual support for the meritorious defense must be stated with particularity. *Id.* Karim's lack of any mention of Complete Care's standing within the sales agreement or reference to Complete Care's defense is detrimental to Complete Care's burden in satisfying MCR 2.603(D)(1). *Saffian*, 477 Mich at 15. Simply put, the substance of the affidavit exclusively concerns Legend Health, not Complete Care.[5] Therefore, because Complete Care did not present sufficient facts in the affidavit in support of the meritorious defense, it has not satisfied MCR 2.603(D)(1).

To summarize, under MCR 2.603(D)(1), defendants must satisfy the two prongs of the rule to set aside the default judgment: (1) good cause and (2) meritorious defense. As discussed above, Legend Health and Complete Care have established good cause to set aside the judgment. However, only Legend Health has satisfied the second prong. Under these circumstances, we will reverse in part and remand the case to the trial court for further proceedings.

## 2. MCR 2.612(C)(1)(a)

Defendants also argue that the trial court abused its discretion when it denied their motion to set aside the default judgment under MCR 2.612(C)(1)(a). In particular, they argue that because they were not given notice of the impending action, nor of the motion of entry of default judgment until the night before the hearing, they were caught by surprise and were unable to prepare a proper defense. We disagree.[6]

MCR 2.612(C)(1) provides many reasons to offer relief from judgment. These include "[m]istake, inadvertence, surprise, or excusable neglect," and "[a]ny other reason justifying relief from the operation of the judgment." MCR 2.612(C)(1)(a) and (f). "[T]he court may set aside an

---

[5] The concurrence in part, and dissent in part concludes that Complete Care has established a complete defense. We respectfully disagree. The affidavit of facts required by MCR 2.603(D)(1) must "state admissible facts with particularity." *Huntington Nat'l Bank*, 292 Mich App at 392. While certain facts may be inferred from the affidavit, it did not state those facts "with particularity." Further, while the concurrence in part, and dissent in part bolsters its position by quoting from plaintiff's brief on appeal and the sales agreement itself, neither of those documents were included within or adopted by the affidavit of facts. We believe that our review is properly limited to the affidavit itself. "A party may not merely announce his position and leave it to us to discover and rationalize the basis for his claim." *In re Toler*, 193 Mich App 474, 477; 484 NW2d 672 (1992).

[6] Because we have already granted Legend Health relief, we need not consider this argument as to that party. However, we will do so for completeness.

entry of default in accordance with MCR 2.612." *Kowalski v Fiutowski*, 247 Mich App 156, 159; 635 NW2d 502 (2001), citing MCR 2.603(D)(3).[7] In *Alken-Ziegler Inc*, our Supreme Court noted:

> MCR 2.612(C)(1)(f) states that a court may relieve a party from a final judgment for any reason justifying relief from the operation of the judgment. However, we caution that the "any reason justifying relief" language should not be read so as to obliterate the analysis we have set forth regarding MCR 2.603(D)(1). Otherwise, the exception in MCR 2.612(C)(1)(f) could swallow the rule set forth in MCR 2.603(D)(1). [*Alken-Ziegler, Inc*, 461 Mich at 234 n 7.]

Further, we have held:

> In order for relief to be granted under MCR 2.612(C)(1)(f), the following three requirements must be fulfilled: (1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. [*Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999) (citations omitted).]

Although the relevant case law pertains to MCR 2.612(C)(1)(f), and defendants argue under MCR 2.612(C)(1)(a), the general warning against using MCR 2.612(C)(1) to bypass the analysis under MCR 2.603(D)(1) still applies. The crux of defendants' argument is that because there was improper service, they were surprised to learn of the ongoing action against them. However, MCR 2.603(D)(1) establishes a rigorous analysis for the manner in which a default judgment could be set aside. Setting aside a judgment for merely being surprised about a hearing the next day, especially without arguing there was any issue with the notice of entry of default judgment, does not capture the essence of MCR 2.603(D)(1). Further, defendants do not present any extraordinary circumstance that would justify labeling the effect of the improper service as a "surprise." *Id*. at 479. Labeling improper service as such would swallow the analysis under 2.603(D)(1), the very thing our Supreme Court cautions against. *Alken-Ziegler, Inc*, 461 Mich at 234 n 7.

Most importantly, a review of a denial of a motion to set aside a default judgment is reviewed for an abuse of discretion. *Saffian*, 477 Mich at 12. Specifically, whether the court's decision is outside the range of principled outcomes. *Id*. Although the trial court did not specify its reasons for denying defendants' motion under MCR 2.612(C), we may infer that the trial court did not find merit in the argument. Thus, the trial court's denial of the motion under MCR 2.612(C)(1)(a) was not outside the range of principled outcomes and the trial court did not abuse its discretion by not setting aside the default judgment pursuant to MCR 2.612(C)(1)(a).

## III. CONCLUSION

---

[7] MCR 2.603(D)(3) provides that "the court may set aside a default and a default judgment in accordance with MCR 2.612."

We reverse the trial court in part and remand to that court for further proceedings consistent with our opinion.  We do not retain jurisdiction.


/s/ Michael J. Riordan
/s/ Mark J. Cavanagh