*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FLEETCOR TECHNOLOGIES OPERATING
COMPANY, LLC,

Plaintiff-Appellant,

v

MICHIGAN DEPARTMENT OF TREASURY,

Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 359404
Court of Claims
LC No. 21-000173-MT

Before: RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(4) and (C)(7). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff is a limited liability company (LLC) organized under the laws of Louisiana, doing business in Michigan as a motor fuel retailer. In April 2018, defendant audited plaintiff's sales tax liability for the tax years 2015 through 2017. Prior to the audit date, plaintiff completed a "Tax Audit Questionnaire" at defendant's request. Relevant to the issues on appeal, plaintiff provided the following mailing address:

Fleetcor Technologies
109 North Park Blvd., Suite 500
Covington, LA 70433-5097

In 2018 and 2019, plaintiff received information requests from defendant's auditor through an online secure portal, and it responded to those requests through that portal. According to plaintiff, it received no further communications from defendant regarding the audit. In April 2021, plaintiff was notified that defendant had placed a levy on its PNC Bank account in the amount of $469,668.15. Plaintiff contacted defendant and learned that, according to defendant's records, it had sent plaintiff the final assessments of funds due under the audit on May 7, 2020 via certified

-1-

mail.[1]  Plaintiff requested documentation regarding defendant's mailing of the final assessments by certified mail; defendant provided a United States Postal Service (USPS) tracking number indicating that a package associated with the number was delivered to Covington, Louisiana on May 8, 2020.

Defendant provided electronic copies of the final assessments to plaintiff on May 11, 2021. Plaintiff filed suit on September 9, 2021, alleging that defendant had failed to properly issue the final assessments and that the time to appeal the final assessments had therefore not expired; relatedly, plaintiff also alleged that its right to due process of law had been violated.  Specifically, plaintiff alleged that it had never received the final assessments that defendant claimed had been sent by certified mail, and noted that the USPS website did not say that the package associated with the tracking number provided by defendant had been delivered to plaintiff's specific address, but only that it had been delivered to "Covington, LA."  Plaintiff also alleged that the USPS website indicated that the package had been delivered to a "Front Desk/Reception/Mail Room" and that plaintiff's building did not have a front desk, reception, or mail room.  Further, plaintiff alleged that defendant had erred in calculating plaintiff's sales tax liability.

In lieu of an answer, defendant moved for summary disposition under MCR 2.116(C)(4) (lack of subject matter jurisdiction) and (C)(7) (claim barred by statute of limitations).  Defendant argued that plaintiff's claims were barred by MCL 205.22(1), which provides that a taxpayer aggrieved by an assessment may challenge that assessment by filing a complaint in the Court of Claims "within 90 days after the assessment, decision, or order," or a petition with the Michigan Tax Tribunal within 60 days.  Defendant asserted that plaintiff's complaint was filed more than a year after the allegedly erroneous final assessments were issued.  Defendant accompanied its motion with copies of the final assessments that indicated they were issued on May 7, 2020 and bore the mailing address provided by plaintiff.  Defendant also provided the affidavit of Michelle Bowen, an employee in defendant's Facility Mail & Data Operations Division.  In her affidavit, Bowen averred that her review of defendant's certified mail log indicated that the final assessments were mailed in a single envelope on May 4, 2020, to the address provided by plaintiff.  A document entitled "Assessment Certified Mail Log" attached to the affidavit reflects plaintiff's mailing address, the USPS tracking number defendant had provided to plaintiff, and the assessment numbers of the final assessments at issue; the document indicates that it was printed on April 30, 2020.

Plaintiff responded to defendant's motion, arguing that defendant had failed to comply with MCL 205.28(1)(a) by either personally serving it with the final assessments or sending them by certified mail to its last known address, and that the final assessments had therefore never been "issued" so as to start the running of the time periods found in MCL 205.22(1).  Plaintiff argued that defendant had failed to show that it had mailed the final assessments to plaintiff's last known address, pointing out that the USPS website did not indicate that the package was delivered to

---

[1] According to plaintiff's complaint, defendant also informed plaintiff that its records showed that numerous preliminary audit documents had been mailed to plaintiff's mailing address between February and May 2020, and that several attempts to collect the debt had been mailed to plaintiff after May 2020.  Plaintiff asserted in its complaint that it never received any of these mailings.

plaintiff's precise address, but only that it was delivered in the city of Covington, Louisiana, and asserting again that plaintiff's building did not have a front desk, reception, or mail room. In sum, plaintiff contended that it had established at least a genuine issue of material fact regarding whether defendant had sent the final assessments to the wrong address.

Defendant replied to plaintiff's response, arguing that plaintiff's arguments concerning the issuance of the assessments lacked merit; additionally, defendant noted that plaintiff had acknowledged receiving electronic copies of the final assessments in May 2021 but had not filed suit until September 2021, and therefore had failed to file a complaint within 90 days of receiving actual notice of the assessments.

The trial court decided defendant's motion without oral argument and, as stated, issued an opinion and order granting defendant's motion. The trial court held that defendant's production of its certified mail log was evidence that it had complied with MCL 205.28(1)(a), noting that the statute did not require proof of delivery or actual receipt. The trial court therefore held that the assessments had been issued in May 2020. The trial court further held that, even if the assessments had not been correctly issued in May 2020, the evidence showed that plaintiff had received actual notice of the assessments (via electronic copy) in May 2021 but had not challenged the assessments within 90 days of that notice. The trial court concluded that plaintiff's failure to challenge the assessments within 90 days of receiving actual notice independently supported its grant of defendant's motion. Finally, the trial court held that plaintiff's right to due process of law had not been violated.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny summary disposition under MCR 2.116(C)(7). See *Beals v* Michigan, 497 Mich 363, 369-370; 871 NW2d 5 (2015). When reviewing a motion under MCR 2.116(C)(7), a reviewing court must consider all affidavits, pleadings, and other documentary evidence submitted by the parties and construe the pleadings and evidence in favor of the nonmoving party." *Anzaldua v Neogen Corp*, 292 Mich 626, 629; 808 NW2d 804 (2011). We review de novo issues of statutory interpretation. See *Fradco, Inc v Dep't of Treas*, 495 Mich 104, 112; 845 NW2d 81 (2014).

## III. ANALYSIS

Plaintiff argues that the trial court erred by determining that its challenges to the final assessments were untimely and therefore barred. We disagree.

Summary disposition under MCR 2.116(C)(7) is appropriately granted when a party's claims are barred by the applicable statute of limitations. MCR 2.116(C)(7). In this case, plaintiff's claims are challenges to sales tax deficiency assessments that are administered under the General Sales Tax Act (GSTA), MCL 205.51 *et seq*. Under the GSTA, when defendant "conducts an audit and ultimately issues a final assessment stating that a taxpayer owes sales tax . . . it must provide notice to the taxpayer." *Fradco*, 495 Mich at 113. MCL 205.28 establishes the methods by which defendant may provide notice of the assessment to the taxpayer: "Notice, if required, must be given either by personal service or by certified mail addressed to the last known

-3-

address of the taxpayer." MCL 205.28(1)(a). MCL 205.22 governs challenges to Department of Treasury assessments, decisions, or orders, and provides that the taxpayer "may appeal the contested portion of the assessment, decision, or order to the tax tribunal within 60 days, or to the court of claims within 90 days after the assessment, decision, or order." MCL 205.22(1).

In *Fradco*, our Supreme Court, reading the relevant statutes *in pari materia*, held that the notice requirements of MCL 205.28 must be satisfied "before the issuance of the assessment is deemed to have occurred, starting the appeal period." *Fradco*, 495 Mich at 117, 118-119. In other words, if plaintiff could establish that defendant did not provide the requisite notice of the final assessments under MCL 205.28(1)(a), its claims would not be barred by the 90-day time period found in MCL 205.22(1) for filing a complaint with the Court of Claims. *Id*.

In this case, plaintiff argues that at least a question of fact exists regarding whether defendant provided notice of the final assessments by certified mail in May 2020. We disagree. Defendant provided a certified mail log to substantiate its claim that it sent the final assessments to the last known mailing address, as provided by plaintiff, in early May 2020. This evidence was sufficient to establish that the assessments were issued in compliance with MCL 205.28(1)(a). See *PIC Maintenance, Inc v Dep't of Treas*, 293 Mich App 403, 410; 809 NW2d 669 (2011). Plaintiff's arguments, as noted by the trial court, pertain to whether plaintiff received the notices. But MCL 205.28 "does not require proof of delivery or actual receipt; it requires only personal service or service by certified mail addressed to the last known address of the taxpayer." *PIC Maintenance*, 293 Mich App at 410. This Court in *PIC Maintenance* held that, even assuming that the plaintiff never received the assessments, summary disposition is nonetheless appropriate when "uncontroverted evidence demonstrates that respondent complied with the statute and sent the final assessments to petitioner by certified mail." *Id*. The same is true in this case. Although plaintiff speculates that defendant sent the final assessments to the wrong address, it provides no supporting evidence. Although plaintiff attempts to rely on alleged discrepancies in the delivery as reported on the USPS website, problems with delivery do not establish that defendant did not comply with its duties under MCL 205.28. *Id*. (emphasizing that the language of MCL 205.28(1)(a) does not require proof of delivery or receipt); see also *Fradco*, 495 Mich at 118. The trial court correctly granted summary disposition under MCR 2.116(C)(7) on this basis.

Plaintiff's claims are untimely for an additional reason as well. Plaintiff admitted in its complaint that it was provided with copies of the final assessments after April 2021; emails submitted to the trial court show that plaintiff was provided with these copies on May 11, 2011. Yet plaintiff did not file a complaint with the trial court within 90 days of receipt of those copies. This Court has held that when a taxpayer has received actual notice of the final assessments, the appeal period begins to run. *PIC Maintenance*, 293 Mich App at 411. In this case, the uncontroverted evidence shows that copies of the final assessments were provided to Steven Pisciotta, who, by his own affidavit, is plaintiff's treasurer. Therefore, even if we had found that defendant had not satisfied the notice requirements of MCL 205.28(1)(a) with the 2020 certified mailing, defendant made personal service of the final assessments in May 2021, yet plaintiff failed to file its claim within 90 days of receiving actual notice of the assessments.

Plaintiff's argument that defendant simultaneously told plaintiff that the assessments could not be appealed, and that it therefore should be estopped from arguing that plaintiff received actual notice in 2021, lacks merit. In the first instance, the argument is unsupported by any evidence;

indeed, the copies of the assessments found in the lower court record contain a statement regarding appellate rights. Moreover, any such statement by a representative of defendant correctly reflected that notice had been provided in May 2020 and that the appellate period had indeed expired. The very filing of plaintiff's suit further demonstrates that plaintiff did not rely on any such statement. Any challenge to the lapsing of the appellate period should have been filed within 90 days of undisputedly receiving actual notice of the final assessments. *PIC Maintenance*, 293 Mich App at 411.

Because plaintiff's claims were barred by the applicable statute of limitations, the trial court appropriately did not consider its arguments concerning alleged errors made by defendant during the audit process; we also decline to consider them. Moreover, defendant's due process argument is also without merit, as this Court has noted that proof of actual receipt of the assessments is not necessary to satisfy due process. *PIC Maintenance*, 293 Mich App at 414-415. "Sending notice by certified mail is reasonably calculated to apprise interested parties of the pendency of an action when the correspondence is not returned to the government as "unclaimed." *Id*. at 414. There is no evidence that the final assessments were returned to defendant. And in any event, as stated, plaintiff was given actual notice of the assessments in 2021, yet failed to file a timely claim of appeal.

Affirmed.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola